Hamilton, J.
This is an action for damages for personal injuriés sustained by Simon Rad, Jr., a lad about six years of age. The action was brought in the name of his next friend. The boy was struck by an automobile while crossing a street in the city of Cincinnati, on July 3, 1917, about eight o’clock in the evening. The automobile was traveling at a high rate of speed and did not stop after the accident, but continued on its way at an increased speed and was lost in the traffic. There were several eye *489 witnesses who gave testimony at the trial of the case.
At the close of plaintiff’s evidence the court sustained a motion to instruct the jury for the defendant on the ground that there was no evidence to sustain the allegations of the petition. This is the chief ground of error complained of and will be first considered.
If there is any evidence, no matter how slight, tending to prove the allegations of the petition, the case Should have gone to the jury under the authority of Gibbs v. Village of Girard, 88 Ohio St., 34. The evidence introduced by plaintiff tended to show that one Jacob Sheid was the regularly employed chauffeur for the defendant; that the defendant was the owner of three automobiles; that the chauffeur Sheid had complete charge of these automobiles, looked after their repairs, kept them supplied with oil and other necessary appliances, had the key to each and all of the automobiles, as well as the key to the garage in which the cars were kept, and, as stated by defendant, called for cross-examination, the chauffeur Sheid had complete charge of all the automobiles “at all times.” The evidence not only tended to show a general employment of the chauffeur Sheid, but established that fact.
There was testimony of several witnesses to the fact that Jacob Sheid was the driver of the automobile which struck the plaintiff boy, and that the license tag, No. 10096, Ohio, was the automobile license tag of the defendant, Cecil Gamble.
It is the law that for the master to be liable for the negligent act of his servant the negligent act *490 must have occurred within the scope of the employment. Further, if it is established by proof that the automobile at the time of the accident was in charge of a servant whose duty it was to operate the automobile, and who was regularly in the possession and use of the same, with the consent, knowledge and authority of the owner, a presumption is raised that the servant at the time is acting within the scope of his employment. Lima Ry. Co. v. Little, 67 Ohio St., 91; White Oak Coal Co. v. Rivoux, Admx., 88 Ohio St., 18, and Klunk v. Hocking Valley Ry. Co., 74 Ohio St., 125.
This presumption, however, is overcome if the evidence offered for that purpose counterbalances the evidence by which the presumption is made out or established. It is argued in the brief of defendant in error that the presumption, if raised by the other evidence adduced, was counterbalanced by the evidence of the chauffeur Sheid, who was called by the plaintiff and thereby made plaintiff’s witness; in other words, that where evidence introduced by the plaintiff, which makes out a case to go to the jury, is overcome by other evidence offered by plaintiff in making out his case, a question is raised as to how far a party to an action vouches for the truthfulness of his own witness. The testimony of Sheid, the chauffeur, and the other evidence adduced by the plaintiff, could not both be true. Sheid testified that the automobile that struck the plaintiff boy was not the automobile belonging to the defendant, that he was not in charge of and did not. drive the automobile which caused any such accident, denied his presence at the place of the accident, and *491 claimed to have been at his home and not away that evening; although other witnesses testified that he was the man in charge of the automobile which struck the boy, and that the license tag was that of the defendant.
We do not think that the plaintiff can be held to vouch for the truthfulness of the chauffeur. While the rule is that a person may not impeach his own witness, the rule does not go- to the extent that he may not introduce evidence showing a different state of facts by other testimony. There was a time in judicial annals when a party was held to have vouched for the truthfulness of statements of witnesses called by him. This rule was departed from as early as 1811, when in the case of Alexander v. Gibson, 2 Camp., 555, L. C. J. Ellenborough said:
“If a witness is called on the part of the plaintiff, who swears what is palpably false, it would be extremely hard if the plaintiff’s case should for that reason be sacrificed. But I know of no rule of law by which the truth is on such an occasion to' be shut out and justice is to be perverted.”
In the case of Bradley v. Ricardo, 8 Bing., 57, 21 Eng. C. L. 220, decided by Tindal, C. J., in 1831, it was held:
“The object of all the laws of evidence is to bring the whole truth of a case before a jury; * * * [but if this contradicting evidence were excluded] that would no longer be the just ground on which the principles of evidence would proceed.”
In Brown v. Bellows, 4 Pick. (21 Mass.), at page 194, it was held:
“A party is not obliged to receive, as unimpeached truth, everything which a witness called by him may *492 swear to. If his witness has been false, or mistaken in his testimony, he may prove the truth by others.”
In Whitaker v. Salsbury, Jr., 15 Pick. (32 Mass.), 534, at page 545, it was held:
“It would be evidently a rule that would operate with great' injustice, that a party calling a witness should be bound by the fact which was sworn to. No one would contend for a rule so'inexpedient.”
Many cases are cited in Wigmore on Evidence supporting the proposition that while a party may not impeach the character of his own witness, by evidence introduced for that purpose, he is entitled to have the jury consider other evidence that may contradict such witness. 2 Wigmore on Evidence, Section 897 el seq.
In the case under consideration it was the question for the jury as to whether or not they would believe the evidence of the defendant’s servant. They might have disregarded his testimony altogether and believed that of the other witnesses. The plaintiff adduced sufficient evidence to entitle him to have the consideration of the jury, and the court erred in granting the motion for an instructed verdict.
The second claim of error pointed out by plaintiff in error is that the court admitted evidence of private instructions of defendant to the chauffeur before leaving the city on the day before the injury. The evidence objected to was properly admitted for the purpose of showing the general scope of the employment and as bearing on the question whether or not the negligent act was committed by the servant within the scope of his employment.
*493 For error in granting the motion to instruct the jury for the defendant, the judgment will be reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Shohl, P. J., and Cushing, J., concur.