### ETTINGER v GOODYEAR

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9549. Decided Feb 4, 1929

Wilson Kern, Cleveland, for Ettinger.
Oscar J Horn, Cleveland, for Goodyear.

**LEVINE, J.**

It is claimed by plaintiff in error that the court erred in excluding the testimony of plaintiff's brother. He quotes from 40 Cyc. 2766 as follows:

"A party has a right to contradict his own witness by independent evidence, showing the facts to be different from those testified to by such witness, although the incidental effect of the introduction of such evidence is to materially discredit the witness."

A long line of authorities are cited to show the distinction between a contradiction and an impeachment of a witness. It may be said to be generally settled that a party cannot impeach his own witness but he may contradict him.

Smith vs Smith, 125 Mich. 234.
Coulter vs Express Co. 56 N. Y. 585.
Commonwealth vs Devaney. 182 Mass. 33.
**Rad vs Gamble, 13 O. App. 488.**

Analyzing the character of the testimony sought to be given by the brother of the plaintiff we come to the conclusion that it could have had no other purpose except to impeach the testimony of Grega. It must be kept in mind that Grega was not a party to this suit; that his statement or admissions made outside of the court room could not be testified to by any witness, upon the ground that it is clearly hearsay, and its introduction in evidence would be a patent violation of the rule against hearsay evidence. The only possible theory upon which this testimony could be offered is to show that the testimony which Grega gave upon the witness stand is not reliable for the reason that he made statements contradictory to those which he made upon the witness stand, on another occasion outside of the court room, and such testimony is nothing more or less than impeachment testimony. Whichever view we take we must conclude that the trial court was right.

Both counsels seem to be agreed upon the principle that a party cannot be allowed to impeach his own witnesses and it follows therefore that if this testimony offered to be given by plaintiff's brother was for the purpose of impeaching the testimony of Grega, that the same would not be admis-

sible. On the other hand, if the purpose of the testimony of plaintiff's brother was to adduce evidence in addition to the testimony already given it is very plain that it is inadmissible for the reasons that it seeks to bind the defendant by the admissions or statements made by an outsider who is not a party to the suit.

The trial court heard the testimony introduced by the plaintiff. The defendant offered no testimony but rested its case upon the evidence offered by the plaintiff. The witness who testified in the presence of the trial judge made certain impressions upon him and he chose to believe one of plaintiff's witnesses in preference to the plaintiff himself.

A reviewing court cannot interfere with the judgment of the trial court unless the judgment is manifestly against the weight of the evidence. We are unable to say that such is the case here.

The judgment of the Municipal Court will therefore be affirmed.

Sullivan, PJ and Vickery, J, concur.