The Ætna Insurance Company of Hartford, Connecticut, v. Baker et al.

---

The Ætna Insurance Company of Hartford, Connecticut, v. Baker et al.

No. 6725.

Insurance.—*Mortgagee's Interest.—Right to Sue.—Contract.*—Where a mortgagee, as such, procures a policy of insurance to issue upon his interest in the mortgaged property, for the benefit of the mortgagor, on an agreement with him that the sum paid for any loss that might occur should be credited on the mortgage debt, such mortgagor, in case of loss, is the proper party to bring suit against the insurance company, on such policy.

Same.—*Character of Contract.*—In such case the agreement of the mortgagee with the mortgagor is an executed one, so far as the insurance company is concerned.

The Ætna Insurance Company of Hartford, Connecticut, *v.* Baker *et al.*

SAME.—*Subrogation.—Mortgage.—Complaint.*—It is not necessary in such action to allege in the complaint an offer by the mortgagee to assign such mortgage or interest therein to the insurance company, by way of subrogation; the right of subrogation existing, if at all, upon the fact of the payment of such claim, without which there could be no such right.

SAME.—*Value of Real Estate after Fire.—Security for Mortgage Debt.—Repair of Buildings Burned.—Defence.*—It is no defence to such action, either to allege that, after such insured buildings were destroyed by fire, the real estate, upon which they were situate, was ample security for such mortgage debt, or that such buildings had been repaired and rebuilt by the owner and mortgagor, and were as valuable as they were before such fire.

COVERTURE.—*Plea by Co-Defendant not Available.*—Coverture is a personal defence which a married woman may or may not plead; but, if not pleaded by her, can not be made available by any of her co-parties.

PRACTICE—*Pleading must be Complete in Itself.*—Each paragraph of answer must be complete within itself, and the defects therein, if any, can not be supplied by the allegations of another and separate paragraph.

SAME.—*Demurrer to Reply Searches Record.*—A demurrer to a reply to an insufficient answer searches the record, and will test the sufficiency thereof; and the sufficiency of such answer is presented by such record in the Supreme Court, without an assignment of cross errors.

SAME.—*Bad Reply good enough for Bad Answer.* — It is immaterial whether a reply to an insufficient answer is held to be good or bad, as the ruling of the court thereon can not be made available error in any event or for any purpose.

From the Marion Superior Court.

*A. G. Porter* and *G. T. Porter,* for appellant.

*J. S. Tarkington,* for appellees.

HOWK, J.—This was a suit by the appellee Thomas Baker, as sole plaintiff, against the appellant and Eleanor D. Ellsworth, who is named as an appellee in this court, as defendants, upon a policy of insurance executed by the appellant to said Eleanor D. Ellsworth, whereby the appellant, in consideration of fifty dollars to it paid by the assured, did insure the said Eleanor D. Ellsworth against loss or damage by fire, to the amount of two thousand dollars, for the term of one year, on her interest a mortgagee, on a livery-stable building and carriage-house attached, particularly described, situate in the city of La-

fayette, Indiana, owned by the appellee Thomas Baker, and occupied by one George Segar, for livery and sale-stable purposes.

The complaint of the appellee Baker, counting on said policy of insurance, contained two paragraphs; and the appellant demurred for the want of sufficient facts, to the second paragraph of said complaint, which demurrer was overruled by the court, and to this ruling the appellant excepted. To the separate paragraphs of the complaint, the appellant answered in six paragraphs, of which the first and third were general denials, and each of the other paragraphs stated affirmative matter by way of defence. The appellee Baker replied in five paragraphs to the appellant's special answers; to the first, third and fifth paragraphs of said reply the appellant's separate demurrers, for the want of sufficient facts therein, were severally overruled by the court, and to each of these decisions the appellant excepted.

At the June term 1876 of the superior court, the issues joined were tried before the Hon. SAMUEL E. PERKINS, then a judge of that court, but at the time of his recent and lamented death the distinguished Chief Justice of this court, who, at the appellant's request, made a special finding in writing of the facts of this cause, and the conclusions of law thereon, in substance, as follows:

" The trial of the above entitled action having been submitted to the court, without the intervention of a jury, by the agreement of the plaintiff and the defendant Insurance Company, and upon the default of defendant Eleanor D. Ellsworth; and the defendant, the Insurance Company, having asked the court to make a special verdict and finding of facts and conclusions of law thereon, and the court, having sufficiently considered the evidence, and being fully advised in the premises, now finds as a matter of fact, within the issues made on the first paragraph of the

complaint, that the defendant Insurance Company did not, by mistake, omission or inadvertence, make and execute the policy of insurance, No. 2440, mentioned in and annexed to the complaint, in the manner and form thereof, instead of any other intended manner or form; and, therefore, as conclusion of law, the court finds that said policy can not be reformed, and thereupon finds for the defendants upon the issue made upon the first paragraph of the complaint.

"And the court finds, upon the issues joined and the default aforesaid, upon the second paragraph of the complaint, as matters of fact, that the defendant Insurance Company, in consideration of fifty dollars premium paid said company by defendant Ellsworth, executed the original policy of insurance, No. 2440, which is annexed to said paragraph as an exhibit and part thereof, on the 30th day of November, 1872, to Eleanor D. Ellsworth, insuring her against loss or damage by fire to the amount of two thousand dollars, for the term of one year, on her interest as mortgagee, on the two-story brick, slate-roof, livery-stable building, and the one-story brick, metal roof, carriage-house attached on the west side, situate near the corner of South and Fourth streets, in the city of Lafayette, State of Indiana, owned by Thomas Baker, the plaintiff, and occupied by George Segar for livery and sale stable purposes, as and in the manner and form set forth in said policy; that the plaintiff was the owner of the property insured and of the real estate whereon it was situated, to wit:" (Description) " on the 29th day of November, 1866, and continued to be such owner until after the commencement of this suit.

" That the interest of said Eleanor D. Ellsworth, as mortgagee, in said insured property, existed at the date of the execution of said policy and during the term thereof, and was created by a mortgage executed to her by Thomas

Baker and wife, on November 29th, 1866, of said described premises, to secure an indebtedness of five thousand nine hundred and sixty-five dollars, owing by Samuel W. Ellsworth, the son of said Eleanor D. Ellsworth, for that amount of money loaned by said Eleanor D. Ellsworth to said Samuel W., which said Baker, by his note of that date, described in the mortgage, promised to pay Eleanor D. Ellsworth upon the sale then by said Samuel W. Ellsworth to him, of said Samuel's interest in a certain livery and omnibus business, in which said Samuel W. Ellsworth and Baker, plaintiff, were in partnership, and in which, as his only capital and property, said Samuel W. had invested said money, the said Baker also assuming and paying the debts of said partnership.

"That on the 24th day of August, 1873, there was a loss by fire of said insured premises in the sum of $1,426.27; that proofs of loss, as required by the policy, were duly made on September 19th, 1873, by Eleanor D. Ellsworth; that said insured property was repaired by said Baker, but not put in so good a condition as before the fire ; that said mortgaged premises were ample security for the payment of the mortgage debt, at the date of the policy, the fire and after the fire, being at least of the value, during all said time, of ten thousand dollars, and having increased in value from the time the policy was executed; that none of said mortgage debt had been paid at the date of the policy, but, at the date of the fire, three thousand dollars had been paid by plaintiff, and said mortgage was in force at both said dates; that, upon making proofs of loss by Eleanor D. Ellsworth, the defendant Insurance Company refused to pay her on the grounds only, that the property mortgaged, remaining after the fire, was ample security for the mortgage debt, that Baker would repair the damage, and that the assignment by her to the company of such proportion of the note and mortgage as the said company

would be required to pay, to make good the loss, would be a condition precedent to any payment whatever; that, upon and in consideration of said purchase, and the execution of said note and mortgage by said Baker, the said Eleanor D. Ellsworth, for the benefit of said Baker as well as of herself, as said mortgagee, insured said insured property and kept up such insurance, in companies other than the defendant Insurance Company, for said sum of two thousand dollars, paying an annual premium of forty-five dollars for each year, commencing with November 30th, 1866, to November 30th, 1872; said insurance being by policies of insurance in form insuring Thomas Baker against loss or damage by fire to the amount of two thousand dollars on said insured property, 'payable in case of loss to Eleanor D. Ellsworth, mortgagee, as her interest may appear;' and that, upon the failure of the company in which was such insurance, said Eleanor D. Ellsworth, by the agency of her husband, effected the insurance by the policy annexed to the complaint, understanding such insurance would be in form as the previous insurance, and for the benefit of plaintiff and herself, in this, that, in case of loss, the proceeds of the insurance, after deducting the premiums by her paid, should be applied on said note as a payment and credit thereon; but said insurance in fact was not effected by defendant Insurance Company, by the policy annexed to the complaint, in said form of the previous policies, which fact she did not discover until after the said loss by fire of said insured premises, though she had said policy of defendant Insurance Company, which is annexed to the complaint, in her possession, from its date until after the fire; but the omission to make the policy sued upon payable to said Baker was by no fault or mistake of the defendant; that, at the time of the execution of said mortgage, the said Eleanor D. Ellsworth was, and has ever since continued to be, the wife of said Samuel W.

Ellsworth, and has during all said time been, and now is, a resident and citizen of the State of Indiana.

" That, after the loss by fire and said notice and proofs of loss and refusal to pay, as aforesaid, said Samuel W. Ellsworth delivered the policy annexed to the complaint to the plaintiff, said Eleanor D. Ellsworth, his wife, having at the time no knowledge of the fact, and not having, so far as disclosed by the evidence, given any direction to him to do so, though he had obtained possession of the policy from her; but that afterward, in a conversation with the plaintiff, said Eleanor declared that, in case a recovery was made of the damage, said Baker (the plaintiff) was to receive credit for the amount paid as premium, that said Baker should receive credit on his mortgage; also, that she would sustain him as far as she could, if he went forward by means of a suit; also, that said Eleanor, along with her husband, on the — day of ————, 18—, made and delivered to the plaintiff a written statement, addressed to the defendant Insurance Company, to the effect that said insurance by said policy in the defendant Insurance Company was effected as such former insurance, with the intent and purpose on her part, if said insured property was destroyed or injured by fire, during the continuance of said mortgage, the said Baker should have the full benefit of the policy of insurance to protect him from loss on the buildings, which he had caused to be encumbered to secure the sum advanced to her said son by her; which statement, accompanied by a demand of said Baker on said defendant Insurance Company, was served by said Baker on said company, on January 21st, 1874; also, that said Samuel W. did all the business for said Eleanor, relating to insurance; that said loss by fire has not been paid to any one, but remains wholly unpaid; that said one thousand four hundred and twenty-six dollars and twenty-seven cents was payable, by the terms of said policy No. 2440, sixty days

after notice and proof of said loss, which was in fact September 19th, 1873, and the interest thereon, from said date to this, is two hundred and twenty-one dollars and three cents; that said policy annexed to and made a part of the complaint, as an exhibit, has printed on the back thereof a provision, as follows : ' Polices of insurance, subscribed by this company, shall not be assignable without the consent of the company, expressed by indorsement made thereon. In case of assignment without such consent, whether of the whole policy or of any interest in it, the liability of the company, in virtue of such policy, shall thenceforth cease.'

" That said Eleanor D. Ellsworth, named in said policy, is the defendant in this action, of that name.

" As conclusions of law from the foregoing facts, the court finds, that the plaintiff is the equitable assignee of said policy and the right of action for said loss by fire, and entitled to recover in his own name the amount of said loss, to wit, one thousand four hundred and twenty six dollars and twenty-seven cents, with interest from the 19th day of November, 1873, two hundred and twenty-one dollars and three cents, in all ($1,647.30,) sixteen hundred and forty-seven $\frac{30}{100}$ dollars, of the defendant Insurance Company ; and the court finds for the said plaintiff and against the defendants, upon said issues and default.

" And the court finds the equities, as between the plaintiff and defendant Eleanor D. Ellsworth, to be that, of said sum, she will be entitled to receive of him three hundred and twenty dollars ($320), on account of said premiums of insurance paid by her; and that, if said note and mortgage shall not be paid, or any portion of the same shall remain unpaid, upon the payment of said sum of one thousand six hundred and forty-seven dollars and thirty cents, she is entitled to have the residue of said sum, (after deducting said sum of three hundred and twenty dollars,)

or so much thereof as may be necessary shall be, applied in payment of said note and mortgage.

(Signed,)    "SAMUEL E. PERKINS, Judge."

The court rendered judgment upon and in accordance with its special finding of facts and its conclusions of law thereon. The appellant's motions for a new trial were overruled by the court, and its exceptions were duly entered to these decisions. From the judgment at special term, there was an appeal to the court in general term, and in this latter court the judgment of the special term was in all things affirmed, and from this judgment of affirmance this appeal is now here prosecuted.

In the court below in general term, the appellant duly assigned, as errors, the following decisions of the court at special term :

1. In overruling its demurrer to the second paragraph of the complaint ;

2. In overruling its demurrers respectively to the first, third and fifth paragraphs of the reply of the appellee Thomas Baker ;

3. In its finding of facts in this case, in this, *first*, that the same is not supported by the evidence, and, *second*, that the finding is contrary to the evidence ;

4. In its conclusions of law upon the facts found ;

5. In overruling its motion for a new trial, made before the rendition of judgment ; and,

6. In overruling the motion for a new trial, made after the rendition of judgment.

These alleged errors, and the questions fairly arising thereunder, have been brought before this court for consideration and decision by the proper assignment here, as error, of the judgment of affirmance of the court in general term. We will consider and decide the several questions arising under those errors, in the same order in which the appellant's learned counsel have presented and

discussed them in their able and elaborate brief of this cause.

1. In considering the sufficiency of the second paragraph of the complaint, it is said by the appellant's counsel: "It does not show that the plaintiff is entitled to sue. It alleges merely that, in case of a loss, the sum which might be paid by the Insurance Company was to be credited upon the plaintiff's notes to Mrs. Ellsworth. The money, according to the averment, was to go to her, and the payment was to operate as a reduction pro tanto of the debt owing by the plaintiff to her. He was not to be entitled to the money, but merely to a credit." If the second paragraph of the complaint showed by its allegations what the appellant's counsel concede that it did, and nothing more, it would seem to us that it stated facts sufficient to show the appellee's title to sue,—his cause of action. For, if the sum which might be paid by the appellant was to be credited upon his notes, and to operate as a reduction pro tanto of the debt owing by him to Mrs. Ellsworth, it is certain, we think, that he might well maintain this action against the appellant, for the collection of such sum of money, and against Mrs. Ellsworth, to establish his claim to such credit and secure the proper application of the money, when paid by the appellant, under the order of the court. The appellee Baker is clearly shown, by the facts stated in the second paragraph of his complaint, to have been the real party in interest in the claim asserted against the appellant; and therefore it was proper and necessary, under the requirements of the practice act, that the action should be prosecuted in his name. 2 R. S. 1876, p. 33, sec. 3.

The appellant's counsel also claim in argument, that the second paragraph of the complaint was insufficient, because it did not "contain any offer to assign the mortgage or any interest therein to the Insurance Company, by way

of subrogation." Upon this point counsel say : " The most that Mrs. Ellsworth could claim was, that she should not suffer loss by the destruction of, or damage to, the insured premises by fire. The Insurance Company had a right, simultaneously with payment, to have the benefit of her mortgage, to the extent necessary to furnish it indemnity." This objection to the sufficiency of the paragraph is not well taken ; for it was not necessary to the validity of the paragraph, that it should contain an offer to assign the mortgage, or any interest therein, to the appellant, by way of subrogation. The appellant's right to subrogation, even if such right existed, was neither precedent to, nor concurrent with, its payment of the claim in suit; but, on the contrary, it was founded upon the fact of such payment, without which there would not, and could not, be any such right. It is certain, therefore, that the sufficiency of the plaintiff's cause of action was in no manner dependent upon any offer to assign the mortgage, or any interest therein, to the appellant, by way of subrogation.

The court did not err, we think, in overruling the appellant's demurrer to the second paragraph of the complaint.

2. The second error assigned by the appellant, in the court below in general term, was the overruling of its demurrers respectively to the first, third and fifth paragraphs of the reply. We will separately consider and pass upon the sufficiency of these paragraphs of reply.    •

The first paragraph was a reply to the fourth paragraph of the appellant's answer, wherein the appellant alleged, in substance, that at the time the supposed agreement between the appellee Baker and the defendant Eleanor D. Ellsworth, in the second paragraph of the complaint mentioned, was made, the said Eleanor D. Ellsworth was, and ever since had been, and then was, a married woman, having a husband residing in this State.

For a reply to this fourth paragraph of the appellant's answer, the appellee Baker alleged, in substance, that it was true, as stated, that the said Eleanor D. Ellsworth had been and was a married woman; but he averred that the said Eleanor D. Ellsworth made and executed said agreement, set out in the second paragraph of the complaint, by and with the consent and approval of her husband, Samuel W. Ellsworth; that after the fire she, the said Eleanor D. Ellsworth, delivered to appellee Baker the policy of insurance mentioned in his complaint; that, at the time and date of the execution of said policy of insurance, the said Eleanor D. Ellsworth was a married woman, the wife of said Samuel, and well known to be such by the appellant, at the time it took and received from her fifty dollars, as the premium for said policy ; and that, by reason of said facts, the appellant was estopped to benefit itself by refusing to pay the appellee Baker, but was bound and liable, in equity and good conscience, to do and perform its contract.

In discussing the question of the sufficiency of this first paragraph of reply, the appellant's counsel say : " The agreement referred to therein was an executory agreement, and Mrs. Ellsworth, even with the consent of her husband, could not bind herself by an executory agreement." We think the agreement referred to was an executed agreement; and it certainly was, in so far as the appellant was connected therewith, or was interested therein. It was alleged, in said paragraph of reply, to have been an executed agreement, and this allegation was in legal effect admitted by the appellant's demurrer to the paragraph. But, aside from this, the fourth paragraph of the appellant's answer, the substance of which we have given, was clearly insufficient for the want of facts; and even a bad reply is a good enough reply to a bad paragraph of answer. The plea of coverture might possibly

have constituted a valid defence for Mrs. Ellsworth, the appellant's co-defendant, if it had been pleaded by her to this action ; but certainly her coverture was not an available defence to her co-defendant, the appellant.   Coverture, like infancy, is a personal defence, which the party may or may not plead, as she sees fit ; but, if not pleaded by her, it can not be made an available defence to or by any of her co-parties.

We conclude, therefore, that the appellant's demurrer to the first paragraph of the reply ought to have been sustained by the court to the fourth paragraph of its answer ; and, for this reason, the supposed error, if it were an error, assigned as such by the appellant in the general term of the court below, was not an available error in its behalf for the reversal of the judgments rendered either at the special or in general term.

The third paragraph of the reply was a reply to the sixth paragraph of the answer, in which the appellant alleged, in substance, that, after the happening of the fire mentioned in the second paragraph of the complaint, the real estate upon which the said buildings were situate, which was the same real estate described in said policy of insurance, was and had since remained a full and ample security for the mortgage debt, mentioned in said paragraph of the complaint.   In his reply to this sixth paragraph of the appellant's answer, the appellee Baker averred that the facts alleged in said paragraph of answer were true, and that the appellant, at the time of its execution of the policy of insurance in suit and of its receipt of the insurance premium of fifty dollars therefor, well knew that the real estate, in said paragraph of answer referred to, was then a full and ample security for the mortgage debt, in the second paragraph of the complaint described; but, nevertheless, the appellant received the said fifty dollars, as such insurance premium, and executed the said policy

of insurance on the buildings on said real estate, subject to the equity of the appellee Baker, as stated in the second paragraph of his complaint.

It will be observed, that, in the sixth paragraph of its answer, the appellant did not controvert in any manner, either directly or indirectly, any of the allegations of the second paragraph of the complaint. Therefore, in considering the sufficiency of the sixth paragraph of the answer, and of the reply thereto, it must be borne in mind that every material allegation of said second paragraph of the complaint must, under section 74 of the code, " for the purpose of the action, be taken as true." 2 R. S. 1876, p. 71. Each paragraph of an answer must be perfect and complete within and of itself; for the defects therein, if any, can not be cured or supplied by the allegations of another paragraph of answer. *Smith* v. *Little*, 67 Ind. 549. It must be taken as true, therefore, in so far as the sixth paragraph of the answer is concerned, that the policy of insurance in suit was taken out and procured from the appellant by Mrs. Eleanor D. Ellsworth, under and in accordance with a valid and binding agreement, made and entered into by and between her, as mortgagee, and the appellee Baker, as mortgagor, upon a sufficient consideration, whereby it was agreed, " that the insurance so procured and taken was to be taken and kept up for the benefit of the plaintiff, and that for any loss that might occur to the buildings described therein, or either of them, the sum paid should be credited on said mortgage debt, reducing the said indebtedness of the plaintiff thereby, by that amount." To a suit upon the policy of insurance, procured and taken out under and pursuant to this agreement, which for the purposes of this action must be taken as true against the appellant, it surely was no defence to allege, as in said sixth paragraph of the answer, that after the fire the real estate, upon which the insured buildings

were situate, was a full and ample security for the mortgage debt. We are clearly of the opinion, that the sixth paragraph of the answer did not state facts sufficient to constitute a defence to this action, and for this reason, if none other, the reply thereto was a good enough reply to withstand the appellant's demurrer.

The fifth paragraph of the reply was filed to the fifth paragraph of the answer; wherein the appellant alleged, in substance, that after the happening of the fire mentioned in the second paragraph of the complaint, and before the commencement of this suit, the appellee Baker repaired and rebuilt the building, in said paragraph of the complaint described, and that said improvement or building was, and had since remained, as good and valuable as before the happening of said fire.

For a reply to this fifth paragraph of answer, in said fifth paragraph of his reply, the appellee Baker said that he repaired and rebuilt said buildings as alleged, but he did so at the appellant's request.

This paragraph of the reply was certainly as good and sufficient as the fifth paragraph of the answer to which it was pleaded. What we have said in considering the sufficiency of the sixth paragraph of the answer and the reply thereto, will apply with equal force to the fifth paragraph of the answer and the reply thereto. The allegations of the second paragraph of the complaint were not controverted in any manner, in or by the fifth paragraph of the answer, and must be taken as true in considering the sufficiency of said paragraph of answer, and of the reply thereto. Viewed in this light, it seems clear to us, that the facts stated in the fifth paragraph of the answer were utterly insufficient to constitute a defence to this action. May Insurance, p. 115, and cases cited.

To the case made by the allegations of the second paragraph of the complaint when taken as true, the fact

alleged in the fifth paragraph of the answer, that the appellee Baker had, after the fire, repaired and rebuilt the insured buildings, would not constitute a valid defence to the recovery of the whole amount of the loss. It follows, therefore, that the demurrer to the fifth paragraph of the reply ought to have been carried back and sustained to the fifth paragraph of the appellant's answer. The demurrer to the reply searched the record, and the paragraph of the answer to which the reply was filed being clearly defective and insufficient, as we have seen, the error of the court, if it were an error, in sustaining the demurrer to the reply, was not an available error for the reversal of the judgment below. It is claimed by the appellant's counsel, that the appellee Baker can not complain of the insufficiency of the several paragraphs, above set out, of the appellant's answer, because he has failed to assign any cross errors in this court; but it seems to us that the question of the sufficiency or insufficiency of these paragraphs of answer is fairly presented by the record, and must be decided, even in the absence of any assignment of cross errors. It is immaterial whether a reply to an insufficient paragraph of answer is held to be good or bad, as the ruling of the court thereon can not be made an available error in any event, or for any purpose.

The special finding of facts, in this case, was fairly sustained by the evidence. At least, there was evidence adduced upon the trial, which tended to sustain the finding of facts upon every material point; and in such case, as we have uniformly decided, we can not disturb the finding upon the mere weight of the evidence.

The question remains, did the court err in its conclusions of law? Upon the facts found, we are clearly of the opinion, that the court did not err in its conclusions of law. These conclusions were, in substance, that the appellee Baker

was the equitable owner of the claim under the policy of insurance in suit, and that the appellant was not entitled to an assignment of the mortgage, or of any interest therein, by way of subrogation; and these conclusions were fully authorized and sustained, as we think, by the law applicable to the special finding of facts.

The judgment is affirmed, at the appellant's costs.

Opinion filed at May term, 1880.
Petition for a rehearing overruled at November term, 1880.