SCHMIDT & SCHMIDT, PARTNERS, ETC., *v.*
SCHWAB, BY ETC.

*Negligence—Master and servant—Presumption of acting within scope of employment—Operation of automobile truck.*

In an action for damages for personal injuries alleged to have been caused by being struck by the automobile truck of the defendants, where the evidence establishes that at the time of the accident the truck was in charge of a servant whose duty it was to operate it, and who was regularly in the possession and use of the same, with the consent, knowledge and authority of the owner, the presumption arises that the servant, at the time, was acting within the scope of his authority.

(Decided December 18, 1922.)

ERROR: Court of Appeals for Butler county.

*Mr. W. C. Shepherd,* for plaintiffs in error.
*Mr. Cyrus J. Fitton,* for defendant in error.

HAMILTON, P. J. The action below was one in damages for personal injury to present defend-

ant in error, alleged to have been caused by the delivery truck of plaintiffs in error, driven by one Ambrose Joyce.

It is claimed by defendant in error that at the time of the injury the driver, Ambrose Joyce, was in the employ of plaintiffs in error, Schmidt & Schmidt, and was at the time acting within the scope of his employment.

The main contention of plaintiffs in error is that at the time of the accident, although Joyce was driving the truck, he was not engaged in the business of his employer, as he had been given permission to cease work and go home about four o'clock in the afternoon. The injury happened about five-thirty, and it is contended that Joyce, having been released for the day, was not engaged in his master's business when the truck struck the defendant in error.

It is established that Joyce was a regular employe of the plaintiffs in error, who were engaged in the meat and grocery business; that the business of Joyce was to drive the delivery truck and deliver goods to purchasers throughout the city.

It is further established that by consent of and arrangement with the employer, Joyce drove the automobile truck back and forth from his home, and kept the same most of the time in his garage. This establishes a strong presumption that at the time of the happening of the injury Joyce was acting within the scope of his employment as a servant of the employer. The rule is that if it is established by proof that the automobile truck at the time of the accident was in charge of a servant, whose duty it was to operate it, and who was regularly in the possession and use of the same,

with the consent, knowledge and authority of the owner, the presumption is raised that the serv-ant at the time is acting within the scope of his employment. *Lima Railway Co.* v. *Little,* 67 Ohio St., 91; *White Oak Coal Co.* v. *Rivoux, Admx.,* 88 Ohio St., 18; *Klunk* v. *Hocking Valley Ry. Co.,* 74 Ohio St., 125; *Rad, Jr.,* v. *Gamble,* 13 Ohio App.; 488.

There was evidence tending to prove directly that Joyce was at the time engaged in delivering meat to a restaurant. The matter relied on by the defense to rebut or overthrow the presumption and direct evidence just referred to was the claim that Joyce had been released from work at four o'clock, which was about an hour and a half pre-ceding the mishap, and the testimony of Joyce to the effect that he left the business of his employer about four o'clock and when the accident happened had driven to his grandmother's to procure a salve for his own use. The plaintiff then offered in re-buttal the affidavit of the employe, Joyce, which is as follows:

"AFFIDAVIT.

"*State of Ohio, County of Butler, ss.*:

"Ambrose Joyce, of lawful age, being duly sworn, deposes and says as follows:

"That on December 15, 1920, he was an employe of the firm of Schmidt Bros. of Hamilton, Ohio, dealers in meats, etc., and that this affiant on that day at or about the hour of five-thirty o'clock p. m. had delivered some meat for said firm to the Begley Restaurant on High Street in said City of Hamilton, Ohio, and after delivering said meat he was driving said truck east on High Street

and that the night being very dark and snowy he failed to see Miss Hazel Helen Schwab crossing High Street at the time, and by accident the truck he was driving struck Miss Schwab, knocked her down and ran over her.

"Affiant says that at the time of said accident he was engaged as an employe of said Schmidt Bros.

"AMBROSE JOYCE.

"Sworn to before me and subscribed in my presence this 26th day of January, A. D., 1921.

"HARRY S. WONNELL,
"*Notary Public,* Butler County, Ohio."

In the face of this record, the jury were justified in returning a verdict in favor of the plaintiff. They were not bound to take the testimony of the employers that Joyce had been released at four o'clock as entirely accurate as to time, and by the impeachment of Joyce by the affidavit no credence could be placed in his evidence.

We find no prejudicial error in the record. The judgment is affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.