## FRICK *v.* BICKEL.

[No. 17,239. Filed May 5, 1944. Rehearing denied June 15, 1944. Transfer denied October 20, 1944.]

(For opinion denying petition to transfer, see 222 Ind. 610.)

*Wallace Mehl,* of Goshen, and *Arnold, Degan, Goheen & Zimmerman,* of South Bend, for appellant.

*Guy Dausman,* of Goshen, for appellee.

CRUMPACKER, C. J.—The appellant is a contractor engaged in the business of building, altering and repairing public roads and as such maintains an office and garage for the housing of trucks and other equipment in Goshen. On the 27th day of November, 1941, he had one Frank H. Schwab in his employ in the

capacity of a truck driver and, shortly after 5 o'clock in the afternoon of said day, the said Schwab, while driving one of the appellant's trucks, was involved in a collision with an automobile in which the appellee was riding as the guest of the driver thereof and as the result of such collision said appellee suffered personal injuries because of which she brought suit in the Elkhart Circuit Court to recover resulting damages. Trial was had to a jury and resulted in a verdict for the appellee in the sum of $1500 upon which appropriate judgment was entered and this appeal followed. The sole error relied upon for reversal is the action of the Elkhart Circuit Court in overruling appellant's motion for a new trial which complains that (1) the jury's verdict is not sustained by sufficient evidence; (2) said verdict is contrary to law; (3) the court erred in refusing to give a peremptory instruction at the close of all the evidence directing a verdict for the appellant; and (4) the court erred in giving certain instructions tendered by the appellee and in refusing to give the appellant's tendered instruction No. 3. The theory of the appellee's case, both as she alleged it in her complaint and as she presented it to the court and jury below, is that she was injured solely through the careless and negligent acts and omissions of said Schwab who, at the time of such negligent conduct, was acting within the scope of his employment and engaged in the appellant's business, and therefore Schwab's alleged negligence must be imputed to said appellant under the doctrine of *respondeat superior*.

The appellant first contends that, assuming Schwab to have been negligent as alleged, the evidence most favorable to the verdict is wholly insufficient to warrant the application of the rule of *respondeat superior* and thus establish his liability for such negligence,

nor, says the appellant, is there any evidence from which reasonable inferences can be drawn that would justify the application of such rule. As bearing on this question and tending to support the jury's verdict we find evidence of the following facts: On the 27th day of November, 1941, Frank H. Schwab was, and had been for some months, an employee of the appellant in the capacity of a truck driver. That at said time the appellant was engaged in a road construction job of some character at or near Buchanan, Michigan, and for two or three days prior to and including the day of the accident Schwab had driven the truck in question back and forth between Goshen and Buchanan moving road materials from one place to the other. A little before 5 o'clock in the afternoon of said 27th day of November, 1941, Schwab drove the truck in question to the appellant's office in Goshen where he remained for a short time and then drove away in said truck. The accident in controversy happened shortly thereafter a few miles west of Goshen on U. S. Highway No. 33. During the period of his employment with the appellant Schwab lived in Elkhart and at times went to and from work in one of the appellant's cars.

We are of the opinion that from these facts a presumption logically arises that at the time and place of the accident Schwab was engaged in the appellant's business and acting within the scope of his employment and that said facts, aided by such presumption, establish a *prima facie* case on that issue. Although there is a sharp legal controversy on the subject the weight of authority seems to be that proof of ownership of the automobile causing an accident, together with added proof that the negligent driver was in the general employment of the defendant, raises a presumption that the driver was about

his master's business and acting within the scope of his employment. See Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 9, § 6065, p. 411. The Wisconsin courts have expressed the doctrine in this manner:

> "The rule is accepted in this state that, where a plaintiff seeks to hold the owner of a car liable for injuries inflicted when the car was being operated by another, proof of the ownership makes out a prima facie case. This is on the theory that the fact of ownership justifies an inference or raises a presumption that the driver of the car is the agent of the owner, and that he is driving it in pursuit of the owner's business. In *Enea* v. *Pfister*, 180 Wis. 329, 192 N. W. 1018, 1019, it is said: 'We regard this as a just and reasonable rule. It is generally an easy matter to prove the ownership of a car that inflicts injury. The public records afford evidence of this fact. But the question of whether the car was at the time being operated in the prosecution of the defendant's business is a matter peculiarly within the knowledge of the defendant, and one upon which it is at times exceedingly difficult for the plaintiff to obtain proof. The exigencies of justice require the application of such rule, which we approve and adopt.' *Borger* v. *McKeith*, 198 Wis. 315, 224 N. W. 102, 103. *Gehloff* v. *De Marce*, 234 N. W. 717, 718, 204 Wis. 464."

This court subscribed to this rule in the case of *Midland Trail Bus Lines, Inc.* v. *Martin, Admx.* (1934), 100 Ind. App. 206, 194 N. E. 862, wherein it is held that evidence to the effect that a bus which collided with an automobile in which plaintiff's decedent was riding, which bus was owned by the defendant, a common carrier engaged in inter-state commerce, warranted the inference that the bus driver was the defendant's agent. In a case very similar in its facts to the one at bar the Appellate Court of Ohio held that in an action for injuries, resulting from being struck by a truck, where the evidence establishes the fact that at the time of the

accident said truck was in charge of a servant whose duty it was to operate it, and who was regularly in possession and use of the same, the presumption arises that the servant, at the time, was acting within the scope of his authority. *Schmidt & Schmidt* v. *Schwab* (1922), 17 Oh. App. 127, 74 A.L.R. 962n.

Although evidence of ownership coupled with proof of general employment and the presumption that arises therefrom makes a *prima facie* case sufficient to go to the jury, according to an unbroken line of authorities, such presumption is a rebuttable one. Otherwise expressed, such a *prima facie* showing will support a verdict in favor of a person injured in a collision, in the absence of substantial proof to the contrary. *Ransford* v. *Ainsworth* (1925), 196 Cal. 279, 237 P. 747. It also seems to be generally recognized that the jury cannot arbitrarily or capriciously disregard the undisputed testimony of credible witnesses introduced to obviate the effect of the presumption. *Green* v. *Powell* (1939), 22 Tenn. App. 481, 124 S. W. (2d) 269. It has been held by some courts that this presumption is not evidence but is legal in its nature and administrative in its purpose and effect, and therefore vanishes or becomes inoperative when rebutted by evidence that is clear and undisputed. *Jefferson County Burial Soc.* v. *Cotton* (1931), 222 Ala. 578, 133 So. 256; *Callahan* v. *Weybosset Pure Food Market* (1926), 47 R. I. 361, 133 A. 442; *Ebers* v. *Whitmore* (1932), 122 Neb. 653, 241 N. W. 126; *Tullis* v. *Blue* (1927), 216 Ala. 577, 114 So. 185. We quote from the last of the above cases as follows:

"It is well settled that those presumptions do arise from proof of the defendant's ownership of the vehicle; but it is well settled also that they are prima facie presumptions merely, or, as they are sometimes called, administrative presumptions, based upon con-

siderations of fairness and convenience in placing the burden of proof. They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his employment. If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury. If, however, the evidence, without dispute, rebuts the facts thus presumed, there is no issue for the jury, and the general affirmative charge should be given for the defendant on request."

Our own court in a recent case, not similar in facts but involving the principle, expressed the same as follows:

"The appellee having the burden of proving its interest . . . at the time of the alleged conversion, its possession of the notes and unreleased mortgage, and their introduction in evidence, sustained that burden for the time being. The appellant, however, had the right under its answer to overthrow any presumptions raised by appellee's possession of the instruments and it did so by the positive and uncontradicted testimony of one of appellee's own witnesses. Had the appellant failed to make such proof, the *prima facie* case made by the appellee must have prevailed on that issue, but the appellant having done so, the *prima facie* case made by the appellee must yield." *Igleheart Bros.* v. *John Deere Plow Co.* (1943), 114 Ind. App. 182, 51 N. E. (2d) 498.

We find clear and undisputed evidence in the record to the effect that the accident here involved occurred after Schwab's usual working hours. That he had left his own car in Buchanan, Michigan, and took appellant's truck in order to go to his home in Elkhart. The appellant had effectuated a rule, of which Schwab was fully aware, that no truck belonging to him was to be driven by an employee after working hours without his express permission. Schwab called at the appellant's office a little before 5 o'clock on the day in

question and asked one Gordon Sheline, a clerk in charge of said office, for permission to use the truck in order to get home. Sheline told him he would have to get the appellant's permission and he thereupon made an unsuccessful attempt to reach the appellant by telephone but took the truck nevertheless and started home. At the time of the accident Schwab was driving said truck without the appellant's knowledge or consent and he had no business or task to perform for the appellant after working hours on that day.

The above evidence was all before the court and jury and both parties had rested their respective cases when the appellant moved for a directed verdict and the presumption of agency arising from the facts most favorable to the verdict and constituting the appellee's *prima facie* case had vanished or become inoperative in the face of clear, credible and undisputed evidence in rebuttal thereof and there remained nothing to submit to the jury. This being so said motion should have been sustained and the court's refusal to give the instruction to that end, tendered by the appellant, was error.

The appellee insists, however, that without reference to the presumption we have discussed, the evidence concerning Schwab's agency is in dispute and, in support of such contention, calls our attention to the testimony of Schwab to the effect that some time after the accident he was interviewed by one Jarvis L. Gamble, an adjuster for the appellee's insurance carrier, and in the course of such interview he stated that "around 5:15 or 5:20 o'clock on Thursday, November 27, 1941, I was driving for Mr. Frick and driving one of his tank wagons when I met with an accident." This evidence, the appellee asserts, definitely establishes Schwab's agency without the aid of

any inference or presumption and thus puts the question in dispute to the extent that its submission to the jury was necessary. This testimony was developed by appellee's counsel on his cross-examination of Schwab in an effort to impeach his statement at the trial that at the time of the accident he was wholly about his own business and doing nothing in the course of his employment with the appellant. For the purpose of impeachment the statement was clearly competent and proper but we are unaware of any rule or principle of the law of evidence which permits its consideration as substantive proof of the facts with which it is concerned. It clearly appears that it is not a part of the *res gestae* nor was it made in the presence of the appellant and therefore has no binding force and effect upon him.

It was held in *The Ohio, etc., R. W. Co.* v. *Stein* (1892), 133 Ind. 243, 247, 32 N. E. 831, "It is an elementary rule that the declarations of an agent are not admissable against the principal, unless they were made while the agent was conducting some transaction for the principal, or in a matter where the agent's act is a part of the *res gestae.*"

A contention similar to that here interposed by the appellee was urged in the case of *Schwartz* v. *Lawrence* (1925), 212 N. Y. S. 494, 214 App. Div. 559, where the testimony of a police officer that defendant's chauffeur had admitted to him at the time of the accident that he was on his way to meet his employer was held not sufficient to take the case to the jury in the face of uncontradicted evidence showing that the chauffeur was using the car without his employer's consent. This decision was reached notwithstanding the fact that the chauffeur's statement to the policeman was made at the *time of the accident* and in that respect presents a more

cogent reason for the submission of the issue to the jury than does the case at bar.

In reaching our decision we have treated Schwab's testimony as having been successfully impeached and have disregarded the same in its entirety. After having done so there still remains in the record clear, credible and undisputed evidence rebutting the presumption upon which the appellee must rely to make a case and which evidence, it is apparent, the jury arbitrarily disregarded in reaching its verdict.

We are not unmindful that the rule permitting courts to direct a verdict for the defendant notwithstanding the presumption raised by proof of ownership and of the general employment of the negligent driver, on the production of positive testimony that such driver was not acting in the defendant's business, is not universally accepted. In some jurisdictions it has been held that the presumption requires a submission of the issue of agency to the jury, the reasoning being that if the presumption is legally sufficient to support a verdict, it must also be legally sufficient to create a conflict in the evidence. *Randolph* v. *Hunt* (1919), 41 Cal. App. 739, 183 P. 358. The courts adhering to this doctrine treat what we have called a legal presumption as an inference of fact and therefore evidence. We think the sounder rule to be that because of the difficulty an injured third person may frequently encounter in proving agency, the administration of justice requires that the law arbitrarily supply the fact by rebuttable presumption. Such a presumption is not evidence and therefore it cannot create a conflict in the evidence. It may be indulged by a jury, not because it naturally and logically flows from other facts in evidence, but because the law says, by reason of the exigencies of the situation, justice re-

quires it. Thus we find such presumption characterized by most authorities as an "administrative presumption" which yields to undisputed and convincing evidence to the contrary.

We see no error in the court's refusal to give the appellant's instruction No. 3 as the subject matter thereof is fully covered and clearly stated in instructions Nos. 2 and 3½ given by the court at the request of the appellee and appellant respectively.

Judgment is reversed with instructions to sustain the appellant's motion for a new trial.

NOTE.—Reported in 54 N. E. (2d) 436.