BIEL, INC. *v.* KIRSCH.

[No. 18,923. Filed September 30, 1958. Rehearing denied November 24, 1958. Transfer denied July 1 1959. Petition for rehearing dismissed October 27, 1959.]

*James E. Bingham, William M. Osborn, Bingham, Summers & Spilman,* of counsel, all of Indianapolis, *McFaddin & McFaddin,* of counsel, of Rockville, *Aikman, Piety & McPeak,* of counsel, of Terre Haute, for appellant.

*Clelland J. Hanner,* of Rockville and *Hansford C. Mann,* of Terre Haute, for appellee.

*Lockyear and Lockyear,* of Evansville, *Frederick P. Bamberger, Joseph S. Hatfield,* of counsel, both of Evansville, *Young & Young, Howard S. Young, Jr.,* and *R. Stanley Lawton,* all of Indianapolis, *amicus curiae.*

ON PETITION TO TRANSFER

ARTERBURN, J.—I concur in the denial of the petition to transfer, but not for the reason given in the Appellate Court Opinion. (See 153 N. E. 2d 140.)

The fact that upon the death of an agent the

liability in a negligence case is limited or extinguished against his estate, should not accrue to the benefit of the principal and release the principal also from liability.

There is no analogy in the instant case and one in which a jury or court finds the agent not guilty of negligence for which the principal at the same time is held liable. The negligence still exists, even though the agent may die or his liability be limited by statute in the case before us.

The contrary reasoning would preclude a recovery from a principal for negligent operation of a plane or other vehicle in which the pilot or operator was killed at the time of the crash or accident. Such a result is out of harmony with the times in which we live. It was not intended a principal should get the benefit of a special privilege allowed a deceased agent's estate by limiting the amount of recovery therefrom in case of death.

It has been held in this state that an unincorporated association of which a husband is a member may be sued by a wife for personal injuries, and although the husband could plead coverture, the association may not claim such a defense against her because her husband is a defendant. *Hary* v. *Arney* (1957), 128 Ind. App. 174, 145 N. E. 2d 575, Trans. Den. Jan. 16, 1958; *The Aetna Insurance Company of Hartford, Connecticut* v. *Baker et al.* (1880), 71 Ind. 102; *Schubert* v. *August Schubert Wagon Co.* (1928), 249 N. Y. 253, 164 N. E. 2d 42.

It likewise follows that a privilege personal to an agent or his estate may not be claimed or taken advantage of by a principal to avoid liability. See 1 Restatement of the Law, Agency §217, comment b; 2 Restatement of the Law, Agency §489. In view of the

foregoing, I cannot agree with the reasoning in the Appellate Court opinion.

Although it does not appear in the Appellate Court opinion, the record and briefs show the trial court erred in refusing to give a tendered instruction, distinguishing agency from bailment as it pertained to the car involved in the accident. In view of the failure to give such an instruction, I concur in the denial of the petition to transfer.

Landis, J., concurs.

## ON PETITION FOR REHEARING

PER CURIAM.—While we do not approve of the reasoning of the Appellate Court in its opinion as it appears in 153 N. E. 2d 140, we do, however, concur in the result reached in that court.

The evidence shows that Ethel Biel, President of Biel, Inc., the defendant below and appellant on appeal, was in the habit of taking an automobile belonging to the corporation home at night and driving it back to work each morning and leaving it on the parking lot of the corporation. On the particular morning in question as she was returning to work, she turned left at an intersection where a collision occurred with Robert Kirsch, who was riding a motorcycle. It is alleged that she was guilty of negligence at the time, which resulted in injury to the appellee. The action was dismissed as to Ethel H. Biel and maintained alone against Biel, Inc. An essential part of the proof necessary to hold the appellant corporation liable was that Ethel H. Biel, at the time and place of the accident, was the appellant's corporate agent, acting within the scope of her employment and authority for and on behalf of the corporation as her principal; otherwise no negligence may be imputed to the appellant corporation.

The appellee points out that Mrs. Biel was President of the corporation, owned all of the stock in the corporation except one share; that the corporation owned five passenger cars, including the one Mrs. Biel drove to and from work, and a delivery truck; that the company paid for the oil and gas, taxes and upkeep of all the vehicles, and maintained two parking lots for the accommodation of automobiles of the corporation. It is insisted that since the corporation had no garage, it got the benefit of having the car which Mrs. Biel used placed at night in her private garage where it was better protected from the weather.

Such incidental benefits, if any, cannot change a relationship of bailment to one of agency. There is no evidence that at the time of the accident Mrs. Biel was acting within the scope of her employment for the defendant corporation and as its agent. She was on no errand for the corporation, but on the contrary was on her way to her work.

Her employment by the corporation had not yet started for the day, so far as the evidence reveals. It is well settled that an employee on his way to work is normally not in the employment of the corporation.

See Annotation, 52 A.L.R. 2d 350, p. 354.

In this jurisdiction the well considered opinion of Judge Crumpacker in *Frick* v. *Bickel* (1944), 115 Ind. App. 114, 54 N. E. 2d 436 is controlling. The evidence was not sufficient to establish liability on the employer.

The petition for rehearing is dismissed.

NOTE.—Concurring opinion denying petition to transfer reported in 159 N. E. 2d 575.

Petition for rehearing reported in 161 N. E. 2d 617.