Buster **HOLLARS** and Phyllis Hollars for and on behalf of Bonita Hollars, Deceased, Appellants–Plaintiffs,

v.

**CITY OF MUNCIE** and Steven L. Singer, Deceased, Appellees–Defendants.

No. 27A04–9307–CV–253.

Court of Appeals of Indiana, Fourth District.

Dec. 9, 1993.

---

Todd Irwin Glass Warner, Wallace, McLaren, Dague & Glass, Muncie, for appellants-plaintiffs.

Caren L. Pollack, Stephenson & Kurnik, Indianapolis, for appellees-defendants.

CONOVER, Judge.

Plaintiffs–Appellants Buster Hollars and Phyllis Hollars (collectively, Hollars), for and on behalf of Bonita Hollars, deceased, appeal the grant of summary judgment in their wrongful death action against Defendant–Appellant City of Muncie.

We reverse.

Hollars questions whether the record reveals a genuine issue of material fact which precludes the grant of summary judgment.

On August 8, 1989, Steven Singer, an undercover investigative officer for the narcotics division of the Muncie Police Department, was riding his motorcycle on a Muncie Road when he collided with a van. He, and his passenger, Bonita Hollars (hereinafter, Bonita), a drug informant, were killed in the collision.

Hollars brought a negligence action against Muncie on the theory of respondeat-superior.[1] Muncie filed a summary judgment motion in which it asserted Singer was not on duty at the time of the accident. Hollars responded with counter-affidavits asserting otherwise. The trial court found no issue of material fact existed, and granted Muncie's motion. Hollars now appeals.

This court's standard of review on appeals of summary judgment orders is well established. Summary judgment is appropriate only when there exists no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. *Babcock v. Lafayette Home Hospital* (1992), Ind.App., 587 N.E.2d 1320, 1323. In reviewing whether a genuine issue of material fact exists, this court "accepts as true all facts set forth by the nonmoving party and resolves all doubts against the moving party." *Hollowell v. Midwest Smorgasbord, Inc.* (1985), Ind. App., 486 N.E.2d 16, 18, *reh. denied, trans.*

---

1. Steven Singer was also named as a party to the suit. He (his estate) was not a party to the summary judgment.

*denied.* If reasonable men may "disagree about the inferences to be drawn from the facts," summary judgment may not be granted. *Id.*

■ The test for determining the existence of an employer-employee relationship is the right of the employer to direct and control the conduct of the employee at the time the negligent act occurred. *Gibbs v. Miller* (1972), 152 Ind.App. 326, 283 N.E.2d 592, 594. Before an employer can be held liable for the negligence of its employee, it must be shown that the tortfeasor was acting within the scope of his employment. *City of Crawfordsville v. Michael* (1985), Ind.App., 479 N.E.2d 102, 103, *trans. denied,* 487 N.E.2d 159 (1986). An employer is not liable for an independent tort committed by his employee where the act is done on the employee's initiative and is not in the service of the employer. *Id.* at 104.

■ In the present case, Muncie supported its summary judgment motion with an affidavit by Kevin Brown, who was with Singer and Bonita just minutes before the accident occurred. Brown, at the time a park officer, had been asked by Singer to assist with potential drug buys on the night of the accident. At 10:53 p.m., Brown called in the "10–42" code indicating his shift was over. Singer spoke into his radio and said "I'm right behind him." Singer then told Brown that he and Bonita were going "to cruise for a little bit." (R. 151). Brown drove off in his van, and left Singer and Bonita in a parking lot with the motorcycle. Eleven minutes later, Singer and Bonita were involved in the accident.

In its summary judgment motion and supporting brief, Muncie asserted Brown's affidavit established that there was no issue of material of fact as to whether or not Singer was acting within the scope of his employment at the time of the accident. In other words, Singer had called in to indicate he was going off duty, and did not indicate otherwise before his death.

Hollars responded to the summary judgment motion with deposition testimony from six police officers who had been involved with Singer, either as investigators,

friends, or supervisors. While some of the deponents merely guessed at whether Singer was on duty at the time of the accident, one deponent, Muncie Police Officer Jack Craig, Jr., set out considerations of greater substance. On the day of the accident, Singer told Craig he was meeting "some broad" (Bonita) that night who would facilitate a drug buy with a well known pusher who had escaped conviction for two or three years. After finding out Craig was beginning his shift at 11:00 p.m. that night, Singer stated "if I overload my ass and need some help, I'll give you a holler." (R. 297). From these statements, Craig concluded Singer was still working to set up a buy with this prime drug dealing suspect, and thus was still on duty at the time of the accident. The facts set out by Craig, as well as the ambiguous nature of the statements made by Singer in Brown's presence, are sufficient to overcome Muncie's contention that no genuine issue of material fact exists.

Muncie contends the depositions of the officers contain only "mere conjecture." In support of this argument, Muncie cites *Tucher v. Brothers Auto Salvage Yard* (1991), Ind.App., 564 N.E.2d 560, *trans. denied,* and *Ogden Estate v. Decatur County Hospital* (1987), Ind.App., 509 N.E.2d 901, *reh. denied, trans. denied.*

In *Tucher,* the plaintiff was injured when the motorcycle he was riding slid on gravel on a city street. This court affirmed the grant of summary judgment in favor of Brother's Auto Salvage Yard because Tucher's case was built upon a guess that Brother's driveway was the source of the gravel on the street. Tucher surmised the gravel came from Brother's driveway only because the gravel driveway was close to the accident site. In *Ogden,* we affirmed the grant of summary judgment because the plaintiff, who was injured when she allegedly slipped on a hospital's floor, did not present any facts indicating negligence on the part of the defendant in maintaining the floor.

Neither *Tucher* nor *Ogden* is applicable here. The material issue is whether or not Singer was in the scope of his employment.

Brown's recitation of Singer's statements prior to the accident are strong evidence that Singer was off-duty and wanted to enjoy a ride on his motorcycle. However, the statements are not conclusive, especially as "cruising" could mean "joy-riding" or "traveling around with the intent of busting a well known drug dealer." This is especially true in light of Craig's testimony about what Singer intended to do after 11:00 p.m. on the night of his death.

A jury could determine at the time of his death Singer was searching for a drug buy in his employment as an investigative detective for the City of Muncie; it could also determine Singer was merely enjoying a ride on his motorcycle at the time of the accident. The jury should be given an opportunity to listen to the evidence and to view the witnesses to make a determination either way.

Reversed and remanded for further proceedings.

MILLER and STATON, JJ., concur.