Deborah D'Angelo DILLMAN, The Surviving Mother of Jason D'Angelo, Appellant–Plaintiff,

v.

GREAT DANE TRAILERS, INC., Appellee–Defendant.

No. 54A04–9406–CV–224.

Court of Appeals of Indiana, Fourth District.

April 20, 1995.

Harry A. Siamas, Crawfordsville, for appellant.

David W. Sullivan, Robert D. Hepburn, Cox, Zwerner, Gambill & Sullivan, Terre Haute, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-plaintiff, Deborah D'Angelo Dillman ("Dillman"), appeals the trial court's order granting summary judgment for appellee-defendant, Great Dane Trailers, Inc. ("Great Dane"). We affirm.

### Issue

Dillman presents one issue for review: whether Welliever was acting within the scope of his employment with Great Dane when the accident occurred.

### Facts and Procedural History

On the evening of Saturday, November 7, 1992, Brett Welliever ("Welliever") was driving south on State Road 59, just north of Brazil, Indiana. Welliever lived in Crawfordsville and worked at Great Dane, located in Brazil. Welliever was employed by Great Dane as their Employee Relations Supervisor. His duties included contact with the employees on the plant floor, coordination of social and recreational programs, orientation of new employees, and fostering of good employee relations. On the evening in question, Great Dane was holding its Fall Sports Banquet at the Elks Club in Brazil. The Sports Banquet is an annual event where trophies

and awards are presented to Great Dane employees who had various athletic achievements during the past season. Welliever was a salaried employee whose specific job was to coordinate and be present at functions such as this. Welliever was to be the master of ceremonies at the event.

Shortly before 6:30 p.m., Welliever was driving south on S.R. 59 just north of Brazil on his way to the banquet. Welliever was intoxicated. At that same time, Jason D'Angelo was driving north on S.R. 59. Welliever crossed the center line of the road and struck Jason's car head-on. Both Welliever and Jason were killed.

Dillman, as the surviving mother of Jason, brought a wrongful death action against the estate of Welliever and Great Dane. Dillman settled her suit against the estate, who was then dismissed from the action. Great Dane filed a motion for summary judgment arguing that Welliever was not acting within the scope of his employment at the time of the accident and therefore could not recover against Great Dane under a theory of respondeat superior. The trial court granted Great Dane's motion.

### Discussion and Decision

■ Upon review of a grant of summary judgment, we apply the same legal standard as the trial court: summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Marathon Petroleum Co. v. Colonial Motel Properties, Inc.* (1990), Ind.App., 550 N.E.2d 778. On review, we may not search the entire record to support the judgment, but may only consider that evidence which had been specifically designated to the trial court. *Keating v. Burton* (1993), Ind.App., 617 N.E.2d 588, *reh. denied, trans. denied.* The party appealing the trial court's grant of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *Indiana Republican State Committee v. Slaymaker* (1993), Ind.App., 614 N.E.2d 981, *trans. denied.*

■ Summary judgment is generally inappropriate in negligence actions. *Barsz v. Max Shapiro, Inc.* (1992), Ind.App., 600 N.E.2d 151. However, if the facts of the case are not in dispute, summary judgment is appropriate to test the law of a negligence action. *Northern Indiana Public Service Co. v. East Chicago Sanitary Dist.* (1992), Ind.App., 590 N.E.2d 1067.

■ The common law rule in this state is that travel to and from work is not considered activity within the scope of employment so as to hold the employer liable for injury caused by an employee's negligence. *Biel, Inc. v. Kirsch* (1959), 240 Ind. 69, 161 N.E.2d 617, *on rehearing.* In *Biel,* the defendant was the president and owner of a closely held business. The corporation owned and maintained a company car driven by Biel. On her way to work one morning, she collided with a motorcycle. The motorcycle operator brought an action against Biel, Inc. In reversing the plaintiff's judgment, our supreme court said:

> There is no evidence that at the time of the accident Mrs. Biel was acting within the scope of her employment for the defendant corporation and as its agent. She was on no errand for the corporation, but on the contrary was on her way to her work. Her employment by the corporation had not yet started for the day, so far as the evidence reveals. It is well settled that an employee on his way to work is *normally* not in the course of the employment of the corporation.

240 Ind. at 73, 161 N.E.2d at 618 (emphasis added).

■ Dillman argues that the question of whether or not an employee was acting within the scope of his employment is a question of fact for the jury. For this proposition, Dillman cites the cases of *Roby v. Ziffrin Truck Lines, Inc.* (1958), 128 Ind.App. 578, 148 N.E.2d 215, *Watson v. Tempco Transp., Inc.* (1972), 151 Ind.App. 644, 281 N.E.2d 131, *Wilson v. Kauffman* (1973), 156 Ind.App. 307, 296 N.E.2d 432, and *Hollars v. City of Muncie* (1993), Ind.App., 625 N.E.2d 469.

However, these cases only hold that if there are conflicting facts, or conflicting inferences to be drawn from the facts, regarding why the motorist was on the road at the time of the accident, then the scope of employment determination falls upon the factfinder. As noted by the trial court below, the cases cited by Dillman

> all involve a mixed trip or a mixed activity where part of the trip may be said to serve the employee and part of the purpose of the trip may have been said to have furthered the interest of the employer. In those cases of mixed elements clearly the case should go to the jury because of the question of fact considering the purpose of the trip and whether or not the employee was acting within the scope of his employment at the time. Here, [ ] there was nothing about the furthering of Great Dane's interest that required Welliever to make this trip other than the normal and usual going to work.

Dillman also argues that the use of the word "normally" in *Biel* suggests that the determination of whether an employee is acting within the scope of his employment when travelling to work is a question of fact. We disagree. The use of the qualifying word "normally" merely allows for an exception to the general rule for those instances where the employee is not just going to work, but also performing an errand for or otherwise providing some service or benefit to the company, *other than merely showing up for work.*

Dillman argues that Welliever was acting within the scope of his employment because if not for his job with Great Dane, Welliever would not have been travelling on S.R. 59 on November 7, 1992, and therefore the accident would not have happened. The mere fact that the accident did happen while Welliever was on his way to work does not mean that he was therefore acting within the scope of his employment in his travel or that his employment caused the accident. As stated in 7A Am.Jur.2d, *Automobiles and Highway Traffic* § 700 (1980):

> It is generally held that getting to the place of work is ordinarily a personal problem of the employee and not a part of his services to his employer, so that in the absence of some special benefit to the employer other than the mere making of the services available at the place where they are needed, the employee is not acting within the scope of his employment in traveling to work, even though he uses his employer's motor vehicle, and therefore the employer cannot be held liable under the doctrine of respondeat superior to one injured by the employee's negligent operation of the vehicle on such a trip.

Dillman also argues that Welliever was acting within the scope of his employment because the Sports Banquet was being held on a Saturday night and at a location other than Great Dane's facilities. However, these facts do not change the nature of why Welliever was to be present at the banquet. Welliever was to attend the banquet because that was part of his job as Employee Relations Supervisor. Welliever's specific job duties were to plan and attend employer sponsored social activities in order to foster good employee relations. Welliever was subject to disciplinary action if he failed to attend any social activity. Simply because November 7, 1992, was a Saturday and that on that date Welliever's employment started in the evening and at a different facility does not change the fact that Welliever was still driving to work when the accident occurred.

Great Dane was entitled to summary judgment as a matter of law. Welliever was on his way to work on the evening of November 7, 1992. An employee travelling to work is not acting within the scope of his employment. *Biel,* 161 N.E.2d 617.

Affirmed.

DARDEN and RUCKER, JJ., concur.