FREUND *v.* DWYER ET AL.

[No. 15,527. Filed February 20, 1936.]

*Merle N. A. Walker, Victor R. Jose* and *Victor R. Jose, Jr.,* for appellant.

*William Jeffrey* and *Noel, Hickam, Boyd & Armstrong,* for appellees.

CURTIS, C. J.—This is an appeal from an award of the Industrial Board of the State of Indiana in allowing a claim in the sum of $200.00 for medical and surgical services alleged to have been rendered by the claimant, Dr. Robert Dwyer, to one Chester Allen on account of injuries received on the 10th day of June, 1930, while the said Chester Allen was engaged with George O. Johnson, now deceased, in painting a building for the appellant, William C. Freund. George O. Johnson died and Edward C. Eikman, one of the appellees, is now the duly appointed and acting administrator of his estate.

We set out all of the award of the full board that is material to a determination of this appeal. It contains a correct history of the matters in issue and by thus setting it out much needless repetition is avoided. It is as follows:

"BE IT REMEMBERED that heretofore on the 17th day of April, 1935, the above styled cause came on for hearing before the full Industrial Board of Indiana upon defendant William C. Freund's application to review an original award entered of record by a hearing member of said Board on the 9th day of March, 1935.

"Plaintiff appeared by William E. Jeffrey, his attorney. Defendant Aetna Life Insurance Company of Hartford, Connecticut, appeared by Noel, Hickam, Boyd & Armstrong by Robert D. Armstrong, its attorneys. Defendant William C. Freund appeared by M. N. A. Walker and Victor R. Jose, Jr., his attorneys. Defendant Edward C. Eikman appeared neither in person nor by counsel.

"And the full Industrial Board of Indiana having heard the arguments of counsel, having reviewed the evidence in said cause and having examined the records of the Industrial Board and the briefs submitted by the respective parties litigants now finds:

"That on or about the 10th day of June, 1930, one George O. Johnson entered into a contract with the defendant William C. Freund whereby the said George O. Johnson was to paint certain premises for the defendant William C. Freund of which the defendant William C. Freund and Stella Freund were the owners.

"That the said George O. Johnson employed one Chester Allen at an average weekly wage of $30.00 to perform work and labor in the painting of said premises.

"That said Chester Allen, on the 10th day of June, 1930, while in the employment of said defendant George O. Johnson, and while engaged in the work of painting upon the premises of said defendants Freunds, suffered an accidental injury arising out of and in the course of his employment of which said accidental injury George O. Johnson, the employer, and the defendant William C. Freund had due notice but did not furnish medical attention in

and about an effort to cure said Chester Allen of said injury so sustained.

"That said Chester Allen was obliged to procure the services of Dr. Robert Dwyer in an effort to alleviate his suffering and to effect a recovery from the injury sustained while in the employment of said George O. Johnson and while engaged in the performance of his duties upon the premises owned by defendants Freunds.

"That subsequent to the injury sustained by said Chester Allen on the 10th day of June, 1930, while in the employ of said George O. Johnson upon the premises owned by said defendants Freunds, the said employer of said Chester Allen, viz., George O. Johnson, departed this life intestate and one Edward C. Eikman was duly appointed administrator of the estate of George O. Johnson, deceased.

"That thereafter, to wit, on the 17th day of July, 1931, said Chester Allen filed his application for the adjustment of a claim for compensation for the injury he sustained while in the employ of said George O. Johnson on the said 10th day of June, 1930, and while engaged upon the premises owned by defendants William C. and Stella Freund, and naming as defendants in said application Edward C. Eikman, administrator of the estate of George O. Johnson, deceased, and William C. Freund and Stella Freund.

"That said application was first heard by a single member of the Industrial Board and thereafter an application for a review by the full Industrial Board of Indiana of the award entered of record by said single member was filed by the defendants herein.

"That thereafter on the 20th day of December, 1932, the full Industrial Board of Indiana entered its final order and award in said cause in favor of said Chester Allen and against said defendants William C. Freund, Stella Freund, and Edward C. Eikman as administrator of the estate of George O. Johnson, deceased. Among other provisions of said award said full Board ordered that the defendants should pay the reasonable and necessary medical, surgical, hospital and nurses' services incurred by said Chester Allen for the first 30 days following the date of the injury sustained by said Chester Allen while in the employ of George O. Johnson and while engaged in the services of his employer upon the premises owned by said defendants Freunds.

"That thereafter the defendants perfected their appeal to the Appellate Court of the State of Indiana and said Appellate Court of Indiana did on the 22nd day of May, 1933, render its opinion and decision in said cause by the terms of which said opinion and decision said final award of the full Industrial Board entered of record by said Board on said 20th day of December, 1932, was ordered modified in this: that the finding in said cause should be for the defendant Stella Freund and that the plaintiff take nothing on his application filed herein as to said defendant Stella Freund, and sustaining said final award of said full Industrial Board in all other particulars.

"That the full Industrial Board of Indiana did, on May 26, 1933, in conformity to the mandate of the Appellate Court, republish its final order and award in said cause and awarded compensation to said Chester Allen against defendants Edward C. Eikman, administrator of the estate of George O. Johnson, deceased, and William C. Freund and directed that said defendants Edward C. Eikman as administrator of the estate of George O. Johnson, deceased, and William C. Freund should pay the reasonable and necessary medical, surgical, hospital and nurses' services for the first 30 days following the date of the injury sustained by said Chester Allen on said 10th day of June, 1930, while in the performance of his duties for said George O. Johnson and upon the premises owned by said William C. and Stella Freund; and further ordered that the resources of the defendant Edward C. Eikman, administrator of the estate of George O. Johnson, deceased, be exhausted in payment of said award and if the same be insufficient for the full payment of said award, that recourse be had upon the property and assets of said William C. Freund.

"And said full Industrial Board further finds in the cause entitled Dr. Robert Dwyer vs. William C. Freund, that on the 16th day of July, 1934, Dr. Robert Dwyer, plaintiff herein, filed his application for the adjustment of a claim for physician's fees on form No. 48 provided by the Industrial Board of Indiana.

"That thereafter, to wit, on the 19th day of October, 1934, said plaintiff filed his amended application.

"That on the 15th day of October, 1934, defendant William C. Freund, by counsel, entered a special appearance and filed his plea in abatement in said cause, which plea in abatement is in the words and figures as follows: (H. I.)

"That on October 19, 1934, plaintiff Dr. Robert Dwyer, by counsel, filed his written motion to strike from the record defendant's plea in abatement, filed in said cause on the 15th day of October, 1934.

"That on the 10th day of November, 1934, defendant William C. Freund, by his counsel, filed his special answer in seven paragraphs, which said special answer is in the words and figures following:

"That on the 10th day of November, 1934, defendant William C. Freund, by counsel, filed his written motion to make the Aetna Life Insurance Company of Hartford, Connecticut, a party defendant to said cause.

"That on the 2nd day of January, 1935, by order of the Industrial Board of Indiana, the Aetna Life Insurance Company of Hartford, Connecticut, was joined as party defendant in said cause of action.

"That on the 8th day of January, 1935, defendant William C. Freund, by counsel, filed his eighth paragraph of special answer, which said eighth paragraph of special answer is in the words and figures following: (H. I.)

"That on the 27th day of February, 1935, said cause came on for hearing before a hearing member of the Industrial Board of Indiana and said hearing member did on the 9th day of March, 1935, file of record his order and award in said cause by the terms of which defendants were ordered to pay the plaintiff, Dr. Robert Dwyer, the sum of $200.00 for medical services rendered to said Chester Allen for the first 30 days following the date of the accidental injury of said Chester Allen on the said 10th day of June, 1930, while in the services of one George O. Johnson and while engaged in the performance of his duties for his employer upon the premises of defendant William C. Freund, and further found that the sum of $200.00 was the usual, customary and reasonable fee for physicians for like services in the community in which they were rendered.

"That on the 14th day of March, 1935, defendant William C. Freund, by his attorney of record, filed his application for a review by the full board of the

finding and award of said hearing member entered of record on said 9th day of March, 1935.

"That upon the hearing of said cause before the full Industrial Board on the 17th day of April, 1935, defendant William C. Freund was granted the right to and did introduce additional evidence before the full Industrial Board of Indiana.

"And said full Industrial Board of Indiana further finds that there is no warrant in law or in the rules of the Industrial Board of Indiana for the filing of pleas in abatement or other dilatory pleadings and that the recognition by said Board of such pleadings are prejudicial to the best interests of parties entitled to relief under the provisions of the Workmen's Compensation Law of Indiana and to the summary and expeditious hearing of claim by the Industrial Board of Indiana, and finds that plaintiff's motion filed with the Industrial Board on the 19th day of October, 1934, to strike from the files in this cause defendant's plea in abatement should be sustained and said plea in abatement dismissed by said Industrial Board without argument or the hearing of evidence thereon.

"And said Board now further finds against the defendant William C. Freund on his special answer herein filed and on each paragraph thereof separately and severally; and further finds that special answers are not recognized as proper practice by the Industrial Board of Indiana except where the defendant relies on the defense of confession and avoidance.

"And said full Board further finds that the Aetna Life Insurance Company of Hartford, Connecticut, is in no wise liable for the payment of any sum or sums of money in this cause as the insurance carrier for the defendant William C. Freund and that said cause as to the Aetna Life Insurance Company of Hartford, Connecticut, should be dismissed.

"And the full Industrial Board further finds that because of the failure of defendants to provide the necessary medical and surgical attention to said Chester Allen at the time of his accidental injury, to wit, on the 10th day of June, 1930, while in the employ of George O. Johnson and while engaged in the performance of his duties on and upon the premises of the defendant William C. Freund, the said Chester Allen did procure the services of Dr.

Robert Dwyer, the plaintiff herein, and that said Dr. Dwyer did render such medical and surgical services as were necessary in the treatment of the injury sustained by said Chester Allen and that said Chester Allen required to exceed 30 days' medical attention following the date of the injury. And it is further found that Dr. Robert Dwyer has not been paid for his services and that the fee awarded Dr. Robert Dwyer in the sum of $200.00 for the treatment furnished the said Chester Allen during the first 30 days following said injury to said Chester Allen and made necessary as results of said injury sustained by said Chester Allen on the 10th day of June, 1930, is reasonable and just and is not in excess of the usual and customary fee paid physicians and surgeons for like services in the community in which said services were rendered to said Chester Allen.

### AWARD.

"It is therefore considered and ordered by the full Industrial Board of Indiana that defendant William C. Freund's plea in abatement, filed with the Industrial Board of Indiana on the 15th day of October, 1934, be dismissed.

"It is further considered and ordered by the full Industrial Board of Indiana that the cause of action as to the Aetna Life Insurance Company of Hartford, Connecticut, be dismissed.

"It is further considered and ordered by the full Industrial Board of Indiana that the plaintiff, Dr. Robert Dwyer, be and he is hereby awarded as against the defendants Edward C. Eikman as administrator of the estate of George O. Johnson, deceased, and William C. Freund the sum of $200.00 for medical services rendered Chester Allen during the first 30 days following the date of the injury to said Chester Allen, to wit, on the 10th day of June, 1930.

"It is further considered and ordered by the full Industrial Board of Indiana that the resources of the estate of George O. Johnson, deceased, now in the hands of Edward C. Eikman, administrator of the estate of said George O. Johnson, deceased, be first exhausted and if for any reason the estate of said George O. Johnson is insufficient to pay said award, then recourse shall be had upon the prop-

erty and assets of the defendant William C. Freund for all or any unpaid sum due by virtue of this award.

"It is further ordered that said sum of $200.00 shall be paid forthwith in a lump sum to said plaintiff, Dr. Robert Dwyer."

The appellant's assignment of error contains 16 somewhat lengthy specifications but the one specification that "The award of the full Industrial Board of Indiana is contrary to law," is sufficient to present all questions that are reviewable in this case.

The appellees urge that we should dismiss this appeal upon the ground that the appellant's brief is fatally defective in several particulars and especially in that the "condensed recital of the evidence in narrative form" omits entirely the evidence of several of the witnesses and the substance of at least two of the exhibits. An examination of the appellant's brief discloses the existence of the deficiencies pointed out by the appellees. These deficiencis are not supplied by the appellees' briefs. It becomes apparent then that any question that depends upon the evidence is not presented. We have concluded, however, that enough of the record has been presented to enable us to pass upon a question that is argued by the appellant, to wit: That the board had no power or authority to make the award which it made, due, as the appellant urges, to the fact that the claim "is barred by the statute governing such a claim before the Industrial Board. . . ." In this contention we think that the appellant is in error. Under the facts found by the full board which we have set out above we believe that the board still had the "continuing power" which it exercised in making the award, especially in view of sections 45 and 65 of the Act. See sections 45 and 65 of Indiana Workmen's Compensation Act, being sections 40-1410, 40-1516, Burns 1933, Acts of 1929, page 537. We do not deem it necessary to dis-

cuss any of the limitations upon the "continuing power" of the board as set out in the Act for the reason that none of them are decisive of this appeal.

The award is affirmed.

Bridwell, Dudine, JJ., dissent.

## DISSENTING OPINION.

DUDINE, J.—I do not concur with the majority opinion, but dissent therefrom for the following reasons:

1. The "continuing power" conferred upon the Industrial Board by section 45 of the Workmen's Compensation Act (Sec. 40-1410, Burns 1933) is limited to power to "make such modification or change in the award *ending, lessening, continuing or extending the payments previously awarded"*; it does not include continuing power to fix the amount of the doctor bill which an employee's doctor may recover from the employer.

2. Said section of the Workmen's Compensation Act gives the Industrial Board such continuing power "upon its own motion or upon the application of either party"; it does not give the Industrial Board such power upon the application of the employee's doctor.

3. Said section gives the Industrial Board such continuing power "upon its own motion or upon the application of either party *on account of a change in conditions."* The application on which the instant award was made did not allege a "change in conditions."

4. Appellee's claim for medical services rendered to appellant's employee, if any as against appellant, was barred by section 24 of the Workmen's Compensation Act (Sec. 40-1224, Burns 1933) because it was not filed within two years after the injury.

Bridwell, J., concurs in the above.