## ALFORD v. REID.

[No. 27,929. Filed January 12, 1944.]

*Hoy D. Davis*, of Gary, and *Freund & Pillard*, of Valparaiso, for appellant.

*Louis C. Holland*, of Gary, for appellee.

O'MALLEY, J.—The appellee sued appellant and the Equitable Life Assurance Society of the United States on a group insurance policy issued to and upon the life of Edgar H. Reid, deceased. The Equitable Life Assurance Society of the United States by appropriate answer acknowledged liability and requested permission to pay the amount of the face of the policy into court. This was granted, the money paid into court, and a finding was then entered in favor of the Equitable Life Assurance Society of the United States, and said society is not a party to this appeal.

The complaint alleged that the appellee was the named beneficiary in the policy and that the appellant, by fraud and deceit, induced the decedent to change beneficiaries and to name appellant instead of the appellee and to deliver the policy to appellant. These allegations were denied by the appellant, and the matter was submitted to a jury, who found in favor of appellee.

The appellant claims that the evidence is not sufficient to sustain the verdict. In order to raise this question it was necessary that appellant include in his brief "a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely." Rule 2-17 (e).

The appellant, in his statement of the evidence, refers to four exhibits, and says that number one is omitted for the sake of brevity. He does not say why the others are omitted, but he has set out neither the

exhibits nor their substance. This precludes consideration of the sufficiency of the evidence to sustain the verdict. Rule 2-17 (e). *Freund* v. *Dwyer* (1936), 101 Ind. App. 539, 199 N. E. 875.

The appellant also claims error was committed by the court in the giving of instructions number one to twenty-four, given on the court's own motion, and in failing to give instructions tendered by appellant. However, the appellant in his brief does not set out the instructions tendered in his behalf or the objections made to the instructions given by the court. Under Rule 2-17 (e), the brief of appellant must contain "A concise statement of so much of the record as fully presents every error and exception relied upon, referring to the pages and lines of the transcript."

The brief of appellant not being sufficient to present any question, the judgment is affirmed.

NOTE.—Reported in 52 N. E. (2d) 357.