BIEL, INC. *v.* KIRSCH.

[No. 29,665. Filed June 13, 1958.]

*James E. Bingham, William M. Osborn, Bingham, Summers & Spilman,* of counsel, all of Indianapolis, *McFaddin & McFaddin,* of counsel, of Rockville, and *Aikman, Piety & McPeak,* of counsel, of Terre Haute, for appellant.

*Clelland J. Hanner,* of Rockville, and *Hansford C. Mann,* of Terre Haute, for appellee.

PER CURIAM.—Burns' §4-202 provides in part that the Appellate Court *"shall* sit in two [2] divisions, which shall be designated as the Appellate Court of Indiana, division number one and two respectively." (Our

italics.) It provides that when questions involved are of "sufficient importance" the two divisions may sit in banc.

The above appeal has been certified to this court from the Appellate Court under the following Order:

> "Four judges of this court having failed to concur in a result this case is ordered transferred to the Supreme Court as provided by §4-209, Burns' 1946 Replacement."

It does not appear that this cause was first heard by one of the divisions of the Appellate Court and the judges thereof failed to concur in the result or that any determination was made that the questions involved were of sufficient importance as to be heard by the two divisions in banc.

Burns' §4-209 provides in part:

> " . . . Whenever, upon the determination of any appeal, it shall appear that the three [3] judges of the division do not concur in the result, the case shall be submitted to and be decided by the entire Appellate Court, and, in that case, if four [4] judges shall not concur in the result, the case shall be transferred to the Supreme Court, . . ."

The history of the legislation creating the Appellate Court reveals that at the time the membership of the court was increased from 5 to 6 judges, the statute also provided the court "shall sit in two divisions." (Acts 1901, Chapter 247.)

Burns' §§4-202 and 4-209 are mandatory that the cause first be determined by a division of the Appellate Court unless three judges in a division fail to agree or the question involves a matter of sufficient importance that the entire court decides to hear the matter. The record does not show that either of these conditions

precedent occurred to give jurisdiction to the Appellate Court in banc to hear the matter.[1]

This cause is therefore remanded to the Appellate Court, with directions that the proper division of said court hear and determine said appeal as provided by the statutes.[2]

NOTE.—Reported in 150 N. E. 2d 896.

---

[1]. For a similar provision requiring U. S. Circuit Court of Appeals to sit in divisions see: 28 U.S.C.A., sec. 46.

[2]. From the opinions written in the Appellate Court in this case it appears that if either division of that court had considered the appeal, the resulting decision of that division would have been unanimous.