## BIEL, INC. *v.* KIRSCH.

[No. 18,923. Filed September 30, 1958. Rehearing denied November 24, 1958. Transfer denied July 1, 1959 with concurring opinion, 159 N. E. 2d 575. Petition for rehearing dismissed October 27, 1959 with opinion, 161 N. E. 2d 617.]

*James E. Bingham, William M. Osborn, Bingham, Summers & Spillman,* of counsel, all of Indianapolis, *McFaddin & McFaddin,* of counsel, of Rockville, *Aikman, Piety & McPeak,* of counsel, of Terre Haute, for appellant.

*Clelland J. Hanner,* of Rockville, and *Hansford C. Mann,* of Terre Haute, for appellee.

*Lockyear & Lockyear,* of Evansville, *Frederick P. Bamberger, Joseph S. Hatfield,* of counsel, both of Evansville, *Young & Young, Howard S. Young, Jr.,* and *R. Stanley Lawton,* all of Indianapolis, *amicus curiae.*

CRUMPACKER, J.—In conformity to an order of the Supreme Court dated June 13, 1958, and reading as follows: "Pursuant to the opinion of this court this day filed in the above entitled cause the clerk is directed to transfer the above entitled cause with all files and papers pertaining thereto, to the Appellate Court of the State of Indiana, to be heard and determined by one of its divisions as provided by statute," the Second Division of the Appellate Court of Indiana, having heard and determined the above entitled cause now renders the following opinion and decision in the matter.

Ethel H. Biel, while driving an automobile belonging to the appellant Biel, Inc., south on 5th Street, in the city of Terre Haute, Indiana, collided with the appellee Robert Kirsch who was riding a motorcycle north on said street. Charging that said accident was due solely to the negligence of Ethel H. Biel, the appellee brought this suit to recover resulting damages and joined, as parties defendant, the said Ethel H. Biel, the alleged primary tort feasor, and the appellant to whom Ethel H. Biel's alleged negligence is claimed to be imputed under the doctrine of *respondeat superior.* Before trial Ethel H. Biel died and her personal representative was substituted as a party defendant. Subsequently the appellee dismissed his complaint as to Ethel H. Biel's personal representative and the case went to trial against the appellant alone on the theory that Ethel H. Biel, at the time and place of the accident, was the appellant's agent acting within the scope of her

authority for and on behalf of her principal and therefore her negligence was imputed to the appellant. A jury returned a verdict for the appellee in the sum of $17,000 upon which an appropriate judgment was duly entered. Error is charged in that (1) the verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; (3) the damages assessed by the jury are excessive; (4) some 25 instructions by the appellant should have been given to the jury but were erroneously refused; and (5) nine instructions tendered by the appellee should have been refused but were erroneously given to the jury.

The appellee contends that none of these questions is presented to this court for decision because they all depend for determination upon a consideration of the evidence over half of which is omitted from the narrative recital thereof in the appellant's brief. *Alford* v. *Reid* (1944), 222 Ind. 137, 52 N. E. 2d 357. However the record discloses that the appellee applied for and received an extension of time in which to file his brief. By his petition for such extension he assured this court under oath that his brief, when filed, would be on the merits of the cause. The Supreme Court said in *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629: "An objection that the evidence is not in the record does not go to the merits of the appeal, and by his petition for an extension of time the alleged error was waived." If the absence of the evidence from the record does not concern the merits of an appeal surely its absence from the appellant's brief could not be so considered. This court specifically held that an objection that the appellant's brief is not in proper form or does not comply with the rules does not go to the merits of the cause. *Brodt* v. *Duthie* (1933), 97 Ind. App. 692, 186 N. E. 893. We therefore conclude

that the appellee has waived his right to the affirmance of the judgment herein because of defects in the appellant's brief and this case must be decided on its merits.

Sec. 2-403, Burns' 1946 Replacement, before its amendment in 1955 and on the date of the accident in controversy, read as follows:

"All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party, except actions for personal injuries to the deceased party and for promises to marry. Any action contemplated in this section or in section six (§2-402) of this act may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased. Every such action shall be deemed to be a continued action, and therefore accrued to such representatives or successors at the time it would have accrued to the deceased if he had survived. If any such action is continued against the legal representatives or successors of the defendant, a notice shall be served on him as in the case of an original notice. If any action has been commenced against the decedent prior to his death, the same shall continue by substituting of his personal representative as in other actions surviving the defendant's death; in event the action be brought subsequent to the death of the party against whom the cause existed, then the same shall be prosecuted as other claims against said decedent's estate. In any action for personal injuries or wrongful death surviving because of this section, the damages, if any recovered, shall not exceed the reasonable medical, hospital or funeral expenses incurred, and a sum not to exceed one thousand dollars ($1,000) for any and all other loss, if sustained."

The appellant, contending that the above statute, and its provisions limiting liability, applies to this

case, tendered the following instruction with a request that it be given to the jury:

"This action is based solely on the alleged negligence of Ethel H. Biel. The undisputed evidence in this case shows that said Ethel H. Biel is now deceased.

"You are, therefore, instructed that any cause of action against the defendant because of negligence on the part of Ethel H. Biel died on her death save and except a right of recovery for reasonable medical and hospital expense and a sum not to exceed $1,000.00 for any and all other loss."

The appellee takes the position that this is an action by Robert Kirsch, as plaintiff, against Biel, Inc., as defendant. That neither party is dead and therefore there is no question of abatement or survival of the appellee's cause of action involved and hence the statute upon which the tendered instruction is based has no application. The court adopted the appellee's position on the question and refused the instruction. This, the appellant charges, was error.

It must be borne in mind that this action was commenced against Ethel H. Biel and Biel, Inc., and asserted the joint liability of said defendants for the appellee's personal injuries. No claim is made that the defendants were jointly negligent or that their concurrent negligence caused the accident. Nor is it charged that the acts of Ethel H. Biel, of which the appellee complains, were done upon the command or direction of Biel, Inc. In other words recovery is sought against the appellant solely because its alleged agent or servant, Ethel H. Biel, was negligent while acting within the scope of her employment and in the discharge of her duties in connection therewith.

Contrary to the rule in many states (See 57 C. J. S.,

Master and Servant, §579) in Indiana, where the master's liability for the negligent act of the ■ servant is based solely on the doctrine of *respondeat superior* and not by reason of any personal share in the negligence, a suit may be maintained against both the master and the servant and their liability is regarded as both joint and several although they are not considered to be joint tort feasors. *Bailey* v. *Washington Theatre Co.* (1943), 112 Ind. App. 336, 41 N. E. 2d 819; *Dunbar* v. *Demaree* (1936), 102 Ind. App. 585, 2 N. E. 2d 1003. Thus it is apparent that the appellee was privileged to have brought this suit against either the appellant or Ethel H. Biel individually or against both of them jointly. He elected to do the latter and Ethel H. Biel, the sole tort feasor in the transaction, died before trial and her personal representative was substituted as a party defendant but subsequently discharged from the action by dismissal.

In *Halsey* v. *Minn., S. C. Land & Timber Co.* (1934), 174 S. C. 97, 177 S. E. 29, 100 A. L. R. 1, it is held that abatement of a pending action as to an agent charged jointly with his principal with having made fraudulent misrepresentations, by his death, does not preclude a recovery in such action against the principal. This, however, was on the theory that the fraud complained of was the principal's fraud as well as the agent's and obviously the principal could be held accountable for his own fraud regardless of the abatement of the plaintiff's action against the agent. We have no such situation here as it seems clear that the appellee has no case against the appellant, the principal, independent of and without reference to the conduct of Ethel H. Biel, the agent.

It also seems clear that had Ethel H. Biel's personal

representative remained in the case and it had been submitted to the jury upon the joint liability of both defendants, the jury, if it found for the appellee, could have returned but one verdict and, as that verdict would have been joint and several as a matter of law, it follows that its amount would necessarily have been determined by the limitations imposed by §2-403, *supra*. In a suit against the personal representative of a dead tort feasor and his employer which seeks recovery against the employer solely on the theory of *respondeat superior*, it is difficult for us to understand how the measure of damages can be liberalized by the simple device of dismissing as to the personal representative of the tort feasor and thus permit a recovery against the principal, who personally has done no wrong, in excess of what the law would have permitted if the tort feasor's personal representative had remained in the case.

It would seem to be plain, ordinary, common sense to say that the master's liability cannot exceed that of his servant's when liability is based solely upon the doctrine of *respondeat superior*. It is axiomatic that in such a case a verdict discharging the servant automatically discharges the master as there is no negligence, under such circumstances, which can be imputed to him. Why then isn't it logical to say that a statute that partially relieves a dead tort feasor's estate from liability to an injured person will automatically relieve the tort feasor's master to a similar extent where the master's liability is predicated solely upon the doctrine of *respondeat superior*. It is settled beyond controversy in Indiana that the master has a common law right of indemnity against his servant if the master must pay damages for his servant's tort under the doctrine of *respondeat superior*. *Indiana,*

*etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361, 75 N. E. 649; *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. 2d 744; See also 42 C. J. S., Indemnity, §21, p. 596. This right would be destroyed if a plaintiff, through the dismissal of his case against the personal representative of a deceased tort feasor, is permitted to continue against the master and recover more than the master could recoup from the tort feasor's estate by reason of the limitations imposed by §2-403, *supra.*

We find no ruling precedent in the recorded decisions of the courts of this state which controls our present conclusions. The nearest approach to judicial assistance in determining the question before us is the case of *Boor, Administrator et al.* v. *Lowery* (1885), 103 Ind. 468, 3 N. E. 151, decided by our Supreme Court during the period when a cause of action arising out of an injury to the person died with the person of either party. The plaintiff brought action for malpractice against two defendants who were partners in the practice of medicine. While the cause was pending one of the partners died and his administrator was substituted as a defendant. Upon the trial of the cause the plaintiff recovered judgment against both the decedent's estate and the living partner. In reversing the judgment the Supreme Court said: "Where the primary cause of action is an injury to the person, and the damages sought to be recovered relate primarily to such personal injury, the statute which provides that actions to recover damages for injuries to the person die with the person of either party, cannot be abrogated by the mere form in which the action is brought." The decision, in our opinion, lends analogous support to our conclusion that the appellee, by merely dismissing his complaint against Ethel

H. Biel's administrator, could not circumvent a statute which limited the amount of his recovery by his action in its original form. The consequences of the dead tort feasor's wrong have been mitigated as to his estate by §2-403, *supra*. Why should they be augmented by proceeding against the tort feasor's principal alone?

In our opinion the instruction under consideration should have been given and the court erred in refusing it. Judgment reversed and cause remanded with instructions to sustain the appellant's motion for a new trial.

NOTE.—Reported in 153 N. E. 2d 140.

Concurring opinion denying petition to transfer reported in 159 N. E. 2d 575.

Dismissal of Petition for rehearing on denial of transfer reported in 161 N. E. 2d 617.