Eugene **PARROTT**, Plaintiff,

v.

**ELLIS TRUCKING COMPANY**,
Defendant.

No. IP 56-C-323.

United States District Court
S. D. Indiana,
Indianapolis Division.

Jan. 12, 1960.

Rochford, Blackwell & Rochford, Paul Blackwell, Indianapolis, Ind., for plaintiff.

Murray, Mannon, Fairchild & Stewart, James J. Stewart and Samuel A. Fuller, Indianapolis, Ind., for defendant.

STECKLER, Chief Judge.

At the request of plaintiff, the trial of this action has been continued since November 14, 1958. This has been done in order to await the decision of the Supreme Court and/or the Appellate Court of the State of Indiana in the case of Biel, Inc. v. Kirsch, Ind.App.1958, 153 N.E.2d 140. In that case the same question of law was presented which has been presented by defendant's fourth defense in this action, i. e., whether the defendant's liability by virtue of § 2–403, Burns' Indiana Statutes (1946 Replacement),[1] Indiana's survival statute, is limited to an amount which could be recovered against the personal representative of defendant's deceased driver. In the Biel case, the Appellate Court, in reversing the trial court, held that the cause of action against the corporate defendant based solely upon the theory of respondeat superior, abated for any amount in excess of what the law would have permitted as against the personal representative of the corporate defendant's deceased driver, had such personal representative remained in the case.

On petition to transfer, which was denied, but not for the reason given in the Appellate Court opinion, Judges Arterburn and Landis disagreed with the reasoning of the Appellate Court. Biel, Inc. v. Kirsch, Ind., 159 N.E.2d 575 (July 1, 1959). Judge Arterburn, with whom Judge Landis concurred, said:

"The fact that upon the death of an agent the liability in a negligence case is limited or extinguished against his estate, should not accrue to the benefit of the principal and release the principal also from liability.

"There is no analogy in the instant case and one in which a jury or court finds the agent not guilty

[1]. By the provisions of this section as amended in 1955, the damages recoverable, if any, are limited to reasonable medical, hospital or funeral expenses incurred, and a sum not to exceed $5,000 for any and all other loss, if sustained.

of negligence for which the principal at the same time is held liable. The negligence still exists, even though the agent may die or his liability be limited by statute in the case before us.

"The contrary reasoning would preclude a recovery from a principal for negligent operation of a plane or other vehicle in which the pilot or operator was killed at the time of the crash or accident. Such a result is out of harmony with the times in which we live. It was not intended a principal should get the benefit of a special privilege allowed a deceased agent's estate by limiting the amount of recovery therefrom in case of death.

\*     \*     \*     \*     \*     \*

"It likewise follows that a privilege personal to an agent or his estate may not be claimed or taken advantage of by a principal to avoid liability. See 1 Restatement of the Law, Agency, § 217, comment b; 2 Restatement of the Law, Agency, § 489.

"In view of the foregoing, I cannot agree with the reasoning in the Appellate Court opinion."

Subsequently, in dismissing a petition for rehearing, the Supreme Court of Indiana in Biel, Inc. v. Kirsch, 161 N.E. 2d 617 (October 27, 1959) per curiam, again disapproved the reasoning of the Appellate Court in its opinion as it appears in 153 N.E.2d 140, although concurring in the result reached in the Appellate Court, but on the ground that agency had not been established in the court below as between the corporate defendant and the deceased driver.

It would thus appear that if the merits of the legal question which is now before this court, would be dealt with squarely by the Supreme Court of Indiana, that court, in all likelihood, would not approve the theory of the defendant's fourth defense which has been tendered in this action.

Accordingly, the defendant's motion to reinstate its fourth defense to legal paragraph 1 of plaintiff's complaint should be and the same is hereby overruled.

It is further hereby ordered that this action be reactivated on the calendar of this court and that it be set for trial at the earliest practical date.