**Dorothy J. BINGAMAN, Administratrix of the Estate of Paul F. Bingaman, deceased, Plaintiff,**

v.

**GORDON BAKING COMPANY, Defendant.**

Civ. No. 2478.

United States District Court
N. D. Indiana,
South Bend Division.

July 29, 1960.

Arthur A. May, Crumpacker, May, Beamer, Levy & Searer, South Bend, Ind., for plaintiff.

Thomas L. Murray, Seebirt, Oare, Deahl & Thornburg, South Bend, Ind., for defendant.

GRANT, District Judge.

The Complaint in this action was filed October 16, 1958, in one paragraph, demanding $197,000 for the wrongful death of Paul F. Bingaman, alleged to have been caused by the negligence of the defendant, by and thru its servant, in the operation of a motor vehicle which collided with a motor vehicle being then operated by the decedent. The collision is alleged to have occurred on June 23, 1958, on U.S. Highway No. 20 East of New Carlisle, Indiana.

The defendant, by Answer of November 6, 1958, denies the material allega-

tions of the Complaint and asserts, by way of defense, that the damages complained of in the Complaint were caused, in whole or in part, by the contributory negligence of Paul F. Bingaman.

On September 28, 1958, plaintiff was granted leave to file a second paragraph of Complaint wherein it is alleged that the defendant "did operate said motor vehicle in a wilful and wanton manner and with utter disregard for the rights and safety of others". Punitive and exemplary damages in the amount of $150,-000 are demanded in this Second Paragraph of Complaint.

Defendant, by answer of November 17, 1959, denies the material allegations of the Second Paragraph of Complaint, asserts the defense of contributory negligence on the part of decedent, Paul F. Bingaman, and in a fourth paragraph of Answer sets up the defense that punitive or exemplary damages are not recoverable in this action under Indiana law because the allegations of the Complaint, if proven, constitute a statutory violation which is subject to criminal prosecution.

Plaintiff, on November 19, 1959, filed a Motion to Strike Legal Paragraph IV of the Answer on the grounds that it fails to state a legal defense to plaintiff's Second Paragraph of Complaint.

■■ In support of her Motion to Strike Legal Paragraph IV of the Answer filed November 17, 1959, plaintiff contends that the rule which bars punitive or exemplary damages where the acts complained of also constitute an offense for which the alleged wrongdoer could be criminally prosecuted, cannot be successfully raised to protect the Corporate employer, which is not itself subject to any criminal prosecution for the acts of its servant. In support of this position the plaintiff cites two decisions of the Indiana Appellate Court. These are Indianapolis Bleaching Co. v. Mc-Millan, 1916, 64 Ind.App. 268, 113 N.E. 1019, and Baltimore & O. S. W. Railroad Co. v. Davis, 1909, 44 Ind.App. 375, 89 N.E. 403.

Examination of both cases reveals that they both support plaintiff's position. In particular, Indianapolis Bleaching Co. v. McMillan contains a very clear statement of the law in this regard. In that case the plaintiff was physically assaulted and beaten by two employees of the defendant company when he attempted to collect wages due his wife from the defendant. In upholding the right of the plaintiff to recover punitive or exemplary damages over the identical protest made in the instant action by the defendant here, the Court stated:

"Appellant contends that Hilton and Jones who committed the assault and battery, if any was committed, are subject to punishment for the offense under the criminal laws of the state; that if any damages are recovered in this suit appellant has a right of action against Hilton and Jones to recover from them the amount it may be compelled to pay on that account; that punitive damages cannot be assessed against appellant, because the law does not warrant their assessment against Hilton and Jones * * *. The general proposition is well established in Indiana that for wrongs, the commission of which subjects the wrongdoer to both a criminal prosecution and a civil action, exemplary damages cannot be assessed. * * The distinction which appellant seeks to make, by which appellee would be denied the right to claim exemplary damages against appellant notwithstanding the latter is not subject to criminal prosecution for the alleged assault and battery, has not been recognized in Indiana, and the decisions of this court and of our Supreme Court cannot be brought into harmony with such distinction." (113 N.E. at pages 1019–1020).

The Court then went on to cite several decisions which, it said, "recognized and applied the doctrine that a corporation may be liable for exemplary damages for the wrongs of its servant, where such

servant could be held amenable to the criminal law for the wrongful act which caused the injury". Diligent research has revealed that neither of the above mentioned decisions has been expressly overruled by the Indiana Appellate Court or the Supreme Court of Indiana. In fact, together they have been cited only a few times since their rendition. While it may be speculation, it is certainly within the realm of possibility that this dearth of subsequent decisions supports a theory that the law is so well established in Indiana in this regard that Indiana attorneys do not question its validity.

Defendant cites only one case in its Brief in Opposition to Plaintiff's Motion to Strike Defense in support of its fourth paragraph of its Answer. This decision, Biel, Inc. v. Kirsch, Ind.App. 1958, 153 N.E.2d 140, has had a long and troubled history in the Indiana Courts. The question presented there was whether the defendant corporation's liability for the negligence of its deceased employee-tortfeasor was limited to the amount which could be recovered against the personal representative of its deceased driver by virtue of § 2–403, Burns' Indiana Statutes (1946 Replacement), Indiana's Survival Statute (since amended in 1955 and 1959).

The Indiana Appellate Court held that recovery from the corporate employer-defendant could not exceed that amount which could have been recovered from the personal representative of the deceased employee-tortfeasor under the provisions of § 2–403, where recovery is sought against the employer solely on the theory of respondeat superior. The Court reasoned that:

" * * * In a suit against the personal representative of a dead tortfeasor and his employer solely on the theory of *respondeat superior*, it is difficult for us to understand how the measure of damages can be liberalized by the simple device of dismissing as to the personal representative of the tortfeasor and thus permit a recovery against the principal, who personally has done no wrong, in excess of what the law would have permitted if the tortfeasor's personal representative had remained in the case. It would seem to be plain, ordinary, common sense to say that the master's liability cannot exceed that of his servant's when liability is based solely upon the doctrine of respondeat superior. It is axiomatic that in such a case a verdict discharging the servant automatically discharges the master as there is no negligence, under such circumstances, which can be imputed to him. Why then isn't it logical to say that a statute that partially relieves a dead tortfeasor's estate from liability to an injured person will automatically relieve the tortfeasor's master to a similar extent where the master's liability is predicated solely upon the doctrine of *respondeat superior*?" (153 N.E. 2d at pages 143–144).

Although the issue in question in the Biel case is different than that with which the Court is here confronted, the reasoning of the Indiana Appellate Court would be persuasive in the instant case were it not for the fact that the Supreme Court of Indiana has, seemingly, repudiated that reasoning in its most recent opinion in the case. In Biel, Inc. v. Kirsch, Ind.1959, 161 N.E.2d 617, 618, 619, the Court stated that "While we do not approve of the reasoning of the Appellate Court in its opinion as it appears in 153 N.E.2d 140, we do, however, concur in the result reached in that court." The Court went on to hold that agency had not been established in the trial court as between Biel, Inc., and its deceased driver.

While it must be conceded that the brief statement of the Supreme Court of Indiana dismissing and repudiating the reasoning of the Appellate Court fails to provide an adequate explanation of the reasons for such repudiation, some indication of the Court's underlying reasons

may be found in the concurring opinion of Judges Arterburn and Landis in Biel, Inc. v. Kirsch, Ind.1959, 159 N.E.2d 575.* In that opinion, involving an earlier phase of the case, Judges Arterburn and Landis concurred in the denial of the petition to transfer to the Indiana Supreme Court but not for the procedural reason given in the Per Curiam decision and as reported in 1958, 238 Ind. 372, 150 N.E.2d 896. Instead, they specifically attacked and wholly renounced the reasoning of the Indiana Appellate Court in Ind.App.1959, 153 N.E.2d 140, concluding that:

> "It likewise follows that a privilege personal to an agent or his estate may not be claimed or taken advantage of by a principal to avoid liability." (159 N.E.2d at page 576).

A thorough study of the above detailed history of the Biel, Inc. v. Kirsch case, inescapably leads this Court to conclude, as did Judge Steckler in Parrott v. Ellis Trucking Co., D.C.S.D.Ind.1960, 179 F.Supp. 534–535, that if the issue of a corporate defendant's liability by virtue of § 2–403 Burns' Indiana Statutes was placed squarely before the Indiana Supreme Court, that Court would deny the corporate defendant the privilege of setting up the protective provisions of § 2–403 to relieve itself of any liability in excess of the limitation there imposed in favor of the estate of its driver.

Consequently, inasmuch as any relief from the rules of Indianapolis Bleaching Co. v. McMillan and Baltimore & O. S. W. R. Co. v. Davis is predicated on the reasoning of the Indiana Appellate Court, this Court cannot but conclude that the rules of these two cases continue to be the law in Indiana today.

Therefore, plaintiff's Motion to Strike Defense is granted and legal paragraph IV of the defendant's Answer to Second Paragraph of Complaint is ordered stricken.

* Opinion withdrawn by court. See 161 N.E.2d 617.