**J. C. PENNEY COMPANY, Cross-Claimant-Appellee,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Cross-Defendant-Appellant.**

Nos. 14553, 14554.

United States Court of Appeals
Seventh Circuit.

Oct. 19, 1965.

R. Stanley Lawton, F. Boyd Hovde, Indianapolis, Ind., Ice, Miller, Donadio & Ryan, Indianapolis, Ind., of counsel, for appellant.

Emerson Boyd, Indianapolis, Ind., Robert C. Riddell, Indianapolis, Ind., Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., of counsel, for appellee.

Before DUFFY, CASTLE, and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

Westinghouse Electric Corporation prosecutes this appeal from a judgment

of the District Court ordering that Westinghouse indemnify J. C. Penney Company for whatever amount may be collected from or paid by Penney on certain judgments entered against both Westinghouse and Penney in actions growing out of personal injuries sustained by Jerry Gillam.

Jerry Gillam, aged three years, was injured while riding on an escalator, in the company of his mother, in a Penney store located in Indianapolis, Indiana. Mrs. Gillam was holding the child's right hand when he sat down on a step of the moving escalator. The flesh of the child's left arm became caught between the riser of the step and the upright metal side-wall panel called a skirt, resulting in injuries. Westinghouse furnished maintenance service to this escalator and others in the store, pursuant to the terms of an agreement between the two companies.

Jerry Gillam brought a negligence action against both Westinghouse and Penney seeking damages for his personal injuries. His father, Lester Gillam, also brought a negligence action against the two companies seeking damages for loss of services and medical expenses. In each action, Penney filed a cross-claim against Westinghouse for indemnification under express contract and by operation of law. The damage actions and the cross-claim in each were consolidated for trial. A jury trial proceeded to the stage where the damage claims were ready for submission to the jury. Counsel for Westinghouse and Penney then agreed that the cross-claims be withdrawn from the jury and be submitted to the court for decision upon the record established. The jury returned verdicts against both defendants in the personal injury action in the amount of $35,000, and in the amount of $13,900 in the action by the father for loss of services and medical expenses.[1] Thereafter, the court made its findings of fact and conclusions of law, and entered judgment in favor of Penney and against Westinghouse on each of the cross-claims.[2]

The District Court found Westinghouse was negligent in inspecting and maintaining the escalator and as the proximate result thereof the escalator was in an unreasonably unsafe condition, which negligence was the proximate cause of the injuries to Jerry Gillam and the damages to the plaintiffs; and that under its agreement with Penney, Westinghouse had contracted and continuously undertook to inspect several times weekly and to maintain the escalator. The court concluded that the negligence of Westinghouse was active and primary; Penney was not negligent except as the negligence of Westinghouse was imputed to it by reason of its nondelegable duty to keep its store premises including the escalator in a reasonably safe condition; Penney is liable to plaintiffs derivatively for the negligence of Westinghouse; Penney's negligence was passive and secondary; and by reason thereof Penney is entitled to indemnity from Westinghouse. The court further concluded that Westinghouse contracted to assume any liability on account of accidents to persons directly due to the negligent acts of Westinghouse, and the damages recovered by the plaintiffs were directly due to the negligence of Westinghouse and by reason thereof Penney is entitled to indemnity from Westinghouse.

It is conceded that Indiana law governs the substantive issues involved in this appeal, and Westinghouse contends the general rule, followed in Indiana, denies contribution between joint tort feasors and that the recognized exceptions to that rule, where indemnification is

1. Both Westinghouse and Penney appealed from the judgments entered against them on the jury's verdicts. This Court affirmed the judgment in favor of Jerry Gillam against both defendants; the judgment in the Lester Gillam action was reversed and remanded. Gillam v. J. C. Penney Company, 7 Cir., 341 F.2d 457.

2. Inasmuch as the judgment in favor of Lester Gillam was reversed on appeal the judgment order in the instant appeal is no longer operative with respect thereto and our consideration of this appeal will be limited to Penney's right to indemnification with respect to the presently standing judgment in favor of Jerry Gillam.

founded on a contractual assumption of responsibility to indemnify by one of the joint tort feasors, or where a right to indemnification arises by operation of law because the joint liability was imposed on the party seeking indemnification derivatively and solely by reason of the negligence of the other joint tort feasor, are without application in the instant case. From the findings and conclusions of the District Court it appears the court grounded its judgment order on a right of Penney to indemnification arising both from Westinghouse's contractual assumption of such responsibility and by operation of law. The judgment should be affirmed if Penney is entitled to indemnification on either ground.

The contractual agreement under which Westinghouse undertook to inspect, service, and maintain the escalator in a proper and safe operating condition contained the following provisions:

> "It is understood, in consideration of our performance of the service enumerated herein at the price stated, that nothing in this agreement shall be construed to mean that *the Company [Westinghouse] assumes any liability on account of accidents to persons or property except those directly due to negligent acts of the Company or its employees,* and that the Purchaser's [Penney's] own responsibility for accidents to persons or properties while riding on or being on or about the aforesaid equipment referred to, is in no way affected by this agreement. The Company shall not be held responsible or liable for any loss, damage, detention, or delay caused by accidents, strikes, lockouts, fire, flood, acts of civil or military authorities, or by insurrection or riot, or by any other cause which is unavoidable or beyond its control, or in any event for consequential damages. No work, service, or liability on the part of the Company, other than specifically mentioned herein, is included or intended". (emphasis supplied.)

Westinghouse's position that the language above italicized does not effect a contractual assumption of responsibility to indemnify Penney, applicable in the instant case, is premised on its contentions (1) that the limitation in the agreement that Westinghouse "shall not be held responsible or liable * * * in any event for consequential damages" precludes indemnity of any kind—contractual or otherwise—with respect to the damages awarded Jerry Gillam; and (2) that the record does not support the District Court's findings and conclusions that Westinghouse's negligence was the active and primary proximate cause of the injuries to Jerry Gillam and that Penney was not negligent except as Westinghouse's negligence is imputed to it, and thus the record does not support a conclusion that the liability involved was one "directly due to the negligent acts of the Company [Westinghouse]"—the only type of liability assumed by Westinghouse under the agreement.

■ We perceive no merit to the appellant's contention that the "consequential damage" exclusion serves to preclude a right of Penney to indemnification. There is nothing in the record which indicates that the damages awarded to Jerry Gillam were for other than the permanent physical disabilities and the pain and mental anguish suffered as alleged and claimed in the complaint. These were damages resulting directly from the injuries sustained—not indirect or produced only through the concurrence of some other event. They are not consequential in nature.

■ From our examination of the record we find no error in the District Court's conclusion to the effect that there was no independent negligence on the part of Penney. The sole allegation of the complaint asserting any negligent conduct on Penney's part which was not referable to conditions of the escalator falling within the responsibility of Westinghouse under its contractual duty to service and maintain the escalator in a proper and safe operating condition was an allegation that the escalator was not

stopped within a reasonable time after the child's arm was caught between the riser and the side panel or skirt. That allegation was withdrawn by amendment before submission of the case to the jury after uncontroverted testimony of a disinterested witness was adduced on the trial that the escalator was stopped within four or five seconds after the child's arm became caught between the riser of the step and the skirt. The precise basis of the finding of negligence implicit in the jury's verdict against both Westinghouse and Penney is not ascertainable from the record but there was an allegation of the complaint, supported by evidence adduced at the trial, that despite Westinghouse's duty to inspect and maintain the escalator in a safe operating condition it permitted an unreasonably large space between the riser and the side panel to develop on the side of the step at which the child's arm became caught. In any event, the court's finding of Penney's freedom from negligence except that imputed to it from the failure of Westinghouse to properly maintain the escalator is not, on the record here presented, clearly erroneous and the Court's conclusion that Westinghouse had by its "Protective Maintenance Agreement" contractually assumed to indemnify Penney against liability on the facts and circumstances presented by the record, in our opinion, represents an application of correct legal criteria.

We rest affirmance of the judgment order of the District Court on the ground that a contractual assumption of duty to indemnify existed. We therefore find it unnecessary to explore the question of whether where joint tort feasors have contracted with respect to the question of indemnification any implied, common law, or indemnity by operation of law can have application.

The judgment order of the District Court is affirmed with the recognition that it can have operative effect only with respect to any money collected from or paid by Penney on the judgment in favor of Jerry Gillam.

Affirmed.