LOIS V. KRONE, Indiv. and as Adm'r of the Estate of Wilbur D. Krone, Deceased, Plaintiff, *v.* UNITED STATES STEEL CORPORATION *et al.*, Defendants.—(UNITED STATES STEEL CORPORATION, Third-Party Plaintiff-Appellant, *v.* SIMS MOTOR TRANSPORT LINES, INC., *et al.*, Third-Party Defendants-Appellees.)

First District (1st Division)    No. 77-356

Opinion filed May 22, 1978.

George W. Gessler and Terence E. Flynn, both of Chicago (Rooks, Pitts, Fullagar & Poust, of counsel), for appellant.

Victor J. Piekarski and Theodore E. Dawes, both of Chicago (Querrey, Harrow, Gulanick & Kennedy, Ltd., of counsel), for appellee Sims Motor Transport Lines, Inc.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and John D. Cassiday, of counsel), for appellee Bell Diamond Express, Inc.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

United States Steel Corporation (USSC) appeals the dismissal of its third-party complaint against Sims Motor Transport Lines, Inc. (Sims) and Bell Diamond Express, Inc. (Bell).

Wilbur D. Krone (decedent) was fatally injured when he was trapped between a truck owned by Sims, decedent's employer, and another truck owned by Bell in a steel shed owned by USSC in Indiana. Lois Krone, his administrator (plaintiff), filed a second amended complaint in the circuit court of Cook County alleging that USSC owned a steel storage shed known as Mill Number 4 in Indiana, leased a tractor and trailer operated by USSC's employee, Eddie C. Jones, which struck the Bell truck causing decedent's death, and negligently operated that tractor and trailer with respect to speed, lookout and braking devices. She also alleged that USSC negligently allowed its truck to enter the shed which was filled with other

vehicles, failed to warn vehicle operators of the excessively narrow opening of the shed and the danger of operating vehicles in the shed, and failed to provide a safe place to work. USSC denied plaintiff's allegations. USSC's third-party complaint alleged that the decedent died when he was crushed between the front of Bell's truck and the rear of Sims' truck when USSC's truck struck Bell's. USSC alleged that Sims negligently "guided and directed the passage and direction" of USSC's tractor-trailer, failed to properly guide and direct its passage and movement, and failed to stop or direct USSC's vehicle to stop when it appeared a collision or impact might occur. USSC alleged that Bell negligently failed to have its vehicle stopped or parked in gear, failed to have its vehicle stopped or parked with its brakes applied, parked or stopped its vehicle in an improper place, failed to stop or park its vehicle in proper relation to the parking or stopping lines, failed to set the brakes of its vehicle or warn decedent, when Bell knew that decedent was in front of its vehicle and Bell knew or had been warned that its vehicle might be struck or involved in a collision and might then strike decedent, failed to avoid striking decedent when it had been warned of an approaching vehicle and knew or should have known that its vehicle might be struck by that vehicle and might then strike decedent. USSC further alleged that decedent's injuries or death "were the proximate result of the active and direct negligence" of Sims and Bell and USSC's negligence, if any, was "passive or inactive." The complaint prayed that if plaintiff recovered a judgment against USSC, then a judgment in the same amount in favor of USSC should be entered against Sims and Bell.

Bell's motion to dismiss and Sims' motion to strike and dismiss were denied. Bell and Sims answered USSC's complaint. Thereafter, Bell's motion for judgment on the pleadings and Sims' renewed motion to strike and dismiss were granted, the complaint was dismissed and judgment was entered against USSC on October 22, 1976. USSC filed a motion to reconsider and vacate the order of October 22, which was denied. It appeals from the judgment entered against it and the denial of its motion to reconsider and vacate.

The occurrence resulting in decedent's death took place in Indiana. This action was filed in Illinois. Under the criteria set forth in *Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 45, 262 N.E.2d 593, Indiana, rather than Illinois, has the more significant relationship with the occurrence and the parties and Indiana law applies.

Under Indiana law, indemnity is generally said to result from an express contract or one implied in law. (15 Indiana Law Encyclopedia *Indemnity* §1 (1959).) In the absence of contract, indemnity will lie "only in favor of one whose liability to a third person is solely derivate or constructive, and only as against one who has by his wrongful act caused

such derivate or constructive liability to be imposed upon the indemnitee." (*Indiana State Highway Commission v. Thomas* (1976), ___ Ind. App. ___, 346 N.E.2d 252, 259, quoting *McClish v. Niagara Machine & Tool Works* (S.D. Ind. 1967), 266 F. Supp. 987, 991; see *Nappanee Milling Co. v. Simpson Grain Co.* (1972), 152 Ind. App. 1, 281 N.E.2d 514.) Examples are: (1) derivative liability such as respondeat superior where the employer is allowed indemnity from the employee based on the employee's duty of due care in the performance of his duties (*Biel, Inc. v. Kirsch* (1959), 130 Ind. App. 46, 153 N.E.2d 140); (2) constructive liability to a third person by operation of some special statute or rule of law which imposes upon the party a nondelegable duty, but who is otherwise without fault (*McNaughton v. City of Elkhart* (1882), 85 Ind. 384; *Town of Centerville v. Woods* (1877), 57 Ind. 192); and (3) a merchant from the supplier of a defective product, but the right to indemnity is destroyed if the merchant knew or should have known of the defect before selling it. *McClish*, at 990.

USSC claims a right to indemnity under the second example. It argues that because plaintiff charged it with failure to maintain its private roadway in a safe condition and because the Indiana rule of law is that a landowner has a non-delegable duty to keep its private roadways in a safe condition, its liability to plaintiff is only derivative or constructive and that it therefore has a right to indemnity. As thus stated, USSC's claim ignores the requirement that the right to indemnity in favor of one whose liability to a third person is constructive (*i.e.*, because of the imposition of a nondelegable duty) lies only "against one who has by his wrongful act caused such derivate or constructive liability to be imposed upon the indemnitee." (*Indiana State Highway Com. v. Thomas* (1976), ___ Ind. App. ___, 346 N.E.2d 252; *McClish v. Niagara Machine & Tool Works* (S.D. Ind. 1967), 266 F. Supp. 987, 991.) The parking of the Bell and Sims trucks in USSC's shed, no matter what the size of the opening of USSC's shed, was not such wrongful conduct as to make USSC liable for violation of a nondelegable duty.

USSC's claim also ignores the further requirement that one subject to a nondelegable duty must also be "otherwise without fault." *McNaughton v. City of Elkhart* (1882), 85 Ind. 384; *Town of Centerville v. Woods* (1877), 57 Ind. 192; *McClish v. Niagara Machine & Tool Works* (S.D. Ind. 1967), 266 F. Supp. 987, 990.

Plaintiff's complaint, in addition to alleging that USSC had failed to provide a safe place to work, also alleged that a vehicle negligently operated by USSC struck the Bell vehicle, propelling it forward, crushing decedent between the front of Bell's vehicle and the rear of Sims' truck. Clearly, USSC was not "otherwise without fault." USSC's own fault contributed to decedent's death.

USSC also contends that *J. C. Penney Co. v. Westinghouse Electric Corp.* (7th Cir. 1965), 351 F. 2d 561, supports its cause of action for indemnity based on USSC's nondelegable duty as a landowner to maintain its property in a safe condition. However, that case is inapplicable here because the action for indemnity was based upon a contractual agreement between the parties. 351 F. 2d 561, 564.

The circuit court properly concluded as a matter of law that USSC had no claim for indemnity under Indiana law.

Judgment and order affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.